Opinion issued November 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01056-CR




SANDY ELEE McCLESKY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 954883




O P I N I O N
          Appellant, Sandy Elee McClesky, appeals the trial court’s judgment convicting
her for the murder of her husband, Jack McClesky, the complainant. See Tex. Pen.
Code Ann. § 19.02 (Vernon 2003). She pleaded not guilty to the jury, claiming self-defense. See Id. § 9.32. The jury found her guilty, and assessed punishment at 22
years in prison. In two points of error, appellant contends that the evidence that
rebuts her claim of self-defense is legally and factually insufficient to support the
jury’s finding of guilt for murder. We conclude that the evidence is legally and
factually sufficient and therefore affirm.BackgroundAppellant and complainant resided at the Burke Plaza apartments in Pasadena. 
The two shared a troubled relationship. Each had reported to police physical abuse
at the hand of the other. On one occasion, complainant was arrested and convicted
for assaulting appellant, and was sentenced to one day in jail and a $100 fine. 
Complainant’s violence toward appellant was witnessed at times by appellant’s oldest
daughter, who was also occasionally threatened by complainant. Complainant
repeatedly said that he would leave appellant, although he never did. And despite the
violence endured by appellant, appellant never left complainant because she was
financially and emotionally attached to him. In addition to their violent encounters,
their relationship was further troubled by their mutual use of illegal drugs, and
appellant’s mental illness, which was described by one psychologist as bipolar
disorder.
At about 7:30 a.m. on July 11, 2003, Officer Reyna of the Pasadena Police
Department and Denise Marin heard a loud bang that sounded like gunfire at the
Burke Plaza apartment complex. After he told Marin to go back to her apartment,
Officer Reyna looked around the corner of an apartment building, where he observed
appellant running around a white pickup truck with a .357 magnum Colt revolver in
her hand. Appellant fired the gun at a target that Officer Reyna could not see. As he
drew his weapon to approach appellant, Officer Reyna saw appellant standing over
complainant, who was on the ground and covered with blood, propped against the
front of appellant’s red sedan. 
At the same time that Officer Reyna was approaching appellant, Marin, who
had decided not to go into her apartment, heard appellant loudly cursing, as appellant
walked toward the front of the truck. Marin also saw appellant fire the gun as the
complainant hid and dodged between cars. Marin claims that after they were out of
her sight, she heard two more quick shots, for a total of five shots. In contrast,
Officer Reyna claims he only heard a total of three gunshots.
 Within minutes of the shooting, officers with the Pasadena Police Department
arrived at the scene. Detective Bittner spoke to complainant, who reported that his
wife had shot him, and that he had been trying to leave. The detective also spoke
briefly with appellant. She told the detective that she and complainant had been
fighting over the gun when it went off, injuring her finger in the struggle. 
Police officers documented the physical evidence at the scene. Officers found
a bullet fragment inside a nearby apartment that had a bullet hole through its window. 
A bullet and bullet fragments were recovered inside complainant’s pickup. On the
ground near the vehicles, investigators recovered a crack pipe, a bag containing six
methadone bottles prescribed to complainant, a set of keys, a three-inch folding knife
and a pair of scissors. The crime scene investigators noted that the knife matched a
gash in the flat on complainant’s pickup, and that the scissors fit a hole in the flat tire
of appellant’s car. The revolver used by appellant was the only firearm recovered at
the scene; it contained five empty shell casings and one live round. Officers also
searched the inside of the apartment where appellant and complainant had resided,
noting that it appeared as if someone had been stacking clothes to move out. Officers
also noted that the telephone was unplugged from the wall with its cord wrapped
around it. 
Complainant died four days later. The medical examiner determined that
complainant died of three gunshot wounds, one each to his cheek, right arm, and left
leg. The medical examiner also recovered a bullet from complainant’s arm.
Investigators explained that they were unable to perform gunshot residue tests on
complainant, because his emergency medical care would have wiped away any
residue that might have existed. 
At trial, appellant testified in her own defense. She stated that on the morning
of the shooting, she was awakened by complainant choking her while he was under
the influence of crack and methadone. She said that when she tried to reach for the
telephone to dial 9-1-1, complainant broke her finger. She said that he took the phone
out of the wall so that she couldn’t call the police, then hit her over the head with a
dresser drawer before she was able to run out of the apartment. She said that she ran
to the apartment office to ask for help, but no one was there. Appellant then went to
her car to leave, and saw complainant stabbing the tire of her car. She said that
complainant tried to stab her. After she was able to protect herself by getting into her
car, complainant threatened to shoot her. He got a gun, so she took a gun out of a bag
she had in her car and shot complainant three times. She testified repeatedly that she
was afraid for her life.
During cross-examination, the prosecution asked appellant about an interview
she gave to Pasadena police detective Herrera on the day of the shooting. She denied,
then admitted, that she told the detective that she and complainant had argued over
complainant’s accusations that she was having an affair. She acknowledged that the
complainant started beating and choking her after she called him a homosexual. She
admitted that after fleeing the apartment, she let the air out of complainant’s tires with
a knife she had in her purse. Appellant told the detective that complainant had a
black or gray gun, but she also claimed that complainant had sold all his guns about
a month before the shooting.
Appellant denied the eyewitness reports that she ran around the white pickup. 
She could not explain why her gun contained five empty shell casings when she only
remembered firing three shots. She said she did not see what happened to
complainant’s gun, which was never found by police officers who searched the scene. 
She blamed difficulties remembering events on brain damage, which she ascribed to
a heroin overdose that complainant allegedly forced her to take. She testified that
complainant was “a schizophrenic and a hypochondriac and he loved to kill people,”
and that he often beat her and threatened to kill her, but that she did not have the
resources to leave him. On the other hand, she said that she “just wished that [the
shooting] never happened. That it didn’t have to come to that.” She said that she
missed him, that “he was my only friend,” and that “[e]ven though he abused me he
was the only one that I cared about.” 
Sufficiency of the Evidence
          Appellant contends in two points of error that the evidence is legally and
factually insufficient to support her conviction because the State did not rebut her
assertion of self-defense beyond a reasonable doubt. Appellant admits to the
elements of the offense of murder, and appeals only the sufficiency of the evidence
concerning her self-defense claim. 
Self-defense
          A person commits the offense of murder if he intentionally or knowingly
causes the death of an individual, or intends to cause serious bodily injury and
commits an act clearly dangerous to human life that causes the death of an individual. 
Tex. Pen. Code Ann. §§ 19.02(b)(1), 19.02(b)(2) (Vernon 2003). However, a person
is generally justified in using deadly force against another if he reasonably believes
that deadly force was necessary to protect himself against the other’s use or attempted
use of unlawful deadly force, and a reasonable person in the actor’s situation would
not have retreated. Tex. Pen. Code Ann. §§ 9.31(a), 9.32(a) (Vernon 2003). A
defendant has the burden of producing some evidence to support a claim of self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (analyzing
burden of persuasion under factual sufficiency challenge); see also Saxton v. State,
804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (cited in Zuliani as properly
analyzing burden of persuasion under legal sufficiency challenge). Once the
defendant produces some evidence, the State then bears the burden of persuasion to
disprove the raised defense. Zuliani, 97 S.W.3d at 594. The burden of persuasion
does not require the State to produce evidence; it requires only that the State prove
its case beyond a reasonable doubt. Id. A determination of guilt by the fact-finder
implies a finding against the defensive theory. Id. Thus to convict a defendant of
murder after she has raised the issue of self-defense, the State is required to prove the
elements of the offense beyond a reasonable doubt, and to persuade the jury beyond
a reasonable doubt that the defendant did not kill in self-defense. Id. The issue of
self-defense is a fact issue to be determined by the jury, which is free to accept or
reject the defensive issue. Saxton, 804 S.W.2d at 913–14. 
Legal Sufficiency
          In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 88–89 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005). In conducting our review of the legal sufficiency of the evidence, we do not
reevaluate the weight and credibility of the evidence, but ensure only that the jury
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).
          Appellant asserts that the evidence is legally insufficient to establish murder
because her claim of self-defense is supported by evidence of complainant’s past
physical violence. The evidence is undisputed that complainant was physically
abusive to appellant in the past. However, the only evidence that complainant was
physically abusive or threatened appellant on the day of the shooting was the
testimony of the appellant. Viewing appellant’s testimony in a light most favorable
to the verdict, the jury, as exclusive judge of the credibility of witnesses, could
rationally have found appellant’s testimony not to be credible because she gave
different versions of the events. Appellant initially claimed the shots were fired
during a struggle over the gun, and later claimed that she shot complainant three
times with her gun after he threatened her with his gun. Additionally, because only
appellant’s gun was found at the scene of the shooting, the physical evidence was not
consistent with appellant’s claims that complainant threatened her with his gun. 
Viewed in a light most favorable to the verdict, the testimony from Officer Reyna and
Marin shows that appellant gunned down complainant, repeatedly shooting him while
complainant was ducking down between cars and unarmed. The jury therefore could
have rationally determined that complainant was not physically abusive or threatening
towards appellant when appellant shot him.
          Appellant also asserts that because one witness, Marin, heard five shots fired,
and because appellant could only recall firing three shots, two shots must have been
fired by complainant. Viewing the evidence in a light most favorable to the jury’s
verdict, the jury could rationally have determined that only three shots were fired
because (1) the deputy heard only three shots, (2) appellant states she only fired three
shots, and (3) only three bullets or bullet fragments were recovered — one in an
apartment, one in a car, and one in complainant’s body. Viewing the evidence in a
light most favorable to the trial court’s judgment, the jury could have rationally
determined that Marin’s testimony that five shots were fired was inaccurate, and that
complainant did not fire a gun twice at appellant.
          Viewing the evidence in the light most favorable to the jury’s verdict, we
conclude that “any rational trier of fact . . . would have found against appellant on the
self-defense issue beyond a reasonable doubt.” Saxton, 804 S.W.2d at 914; see also
Tex. Pen. Code Ann. § 9.32(a). We hold that the evidence is legally sufficient to
support appellant’s conviction. 
Factual Sufficiency
          Appellant asserts the same challenges to the factual sufficiency of the evidence
as she asserted in the legal sufficiency challenge. When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Ladd v. State, 3
S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of Johnson, we
cannot conclude that a conviction is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Watson v. State, — S.W.3d —, 2006 WL 2956272 at *10 (Tex.
Crim. App. Oct. 18, 2006). Under the second prong of Johnson, we cannot declare
that a conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). As the
determiner of the credibility of the witnesses, the fact-finder may choose to believe
all, some, or none of the testimony presented. Id. at 407 n.5. 
          Appellant asserts that complainant’s past physical abuse and the history of
violence in their relationship supports her claim of self-defense. Appellant’s own
testimony is the only evidence that suggests that complainant was the aggressor on
the day of the shooting. No other evidence shows that complainant was the
aggressor. Marin testified that complainant was ducking between cars to attempt to
escape appellant’s gunfire. Moreover, the only gun recovered at the scene of the
shooting was appellant’s gun. Thus the jury, as exclusive judge of the credibility of
witnesses, could properly reject appellant’s claim that complainant threatened or
physically harmed appellant on the day he was shot. We cannot conclude, based only
on the evidence of complainant’s past violence towards appellant and appellant’s
claim of violence on the day of the shooting, that the State failed to meet its burden
of persuasion regarding the issue of self-defense.
          Appellant also contends that the evidence is factually insufficient because
Marin testified that she heard five gunshots, and that two of those five shots must
have come from complainant’s weapon. Appellant gave two descriptions of the
shooting. In her first statement, given at the scene, she said that the shooting
happened while the couple struggled over her gun. In that statement, appellant never
said how many times the gun went off. In her second version of the events, given to
Detective Herrera at the police station on the day of the shooting as well as on the
witness stand, appellant said that complainant threatened her with his gun. In the
second version, appellant never claimed that complainant shot at her. The assertions
in appellant’s brief that complainant shot twice at appellant have no evidentiary
support in the record. The jury heard conflicting evidence regarding the number of
times the gun was fired. Appellant and Officer Reyna stated that it was fired three
times, which is consistent with the number of gunshot wounds received by
complainant. Marin, on the other hand, heard five shots, which is consistent with the
five empty shell casings in the revolver. The physical evidence therefore does not
establish whether the gun was fired three or five times. But even if the gun were fired
five times as appellant suggests on appeal, no evidence in the record shows that two
of those shots were fired by complainant. Thus we cannot conclude based on
inconsistent evidence regarding the number of times appellant’s gun was fired on the
day of the shooting that the State failed to meet its burden of persuasion.
          We conclude that when all the evidence is viewed in a neutral light, the State
met its burden of persuasion to disprove self-defense and the evidence to establish
murder is neither so weak that it undermines confidence in the jury’s finding of guilt,
nor is appellant’s evidence so strong that the State’s burden to prove murder beyond
a reasonable doubt was not met. See Watson v. State, — S.W.3d —, 2006 WL
2956272 at *10; see also Zuliani, 97 S.W.3d at 594. We hold that the evidence is
factually sufficient to support appellant’s conviction.


 
          We overrule appellant’s two points of error.
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. Tex. R. App. P. 47.2(b).