NO. 07-05-0401-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 31, 2007


 ______________________________



DARREN JAY CHANDLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;



NO. 0908993D; HONORABLE JAMES R. WILSON, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

MEMORANDUM OPINION


 Darren Jay Chandler appeals his conviction of the offense of murder and
punishment of 50 years confinement. His single issue on appeal challenges the legal
sufficiency of the evidence supporting the jury's verdict. We affirm.

 The events leading to the victim's death arose from a dispute between neighbors. 
Appellant lived next to the victim Toby Carr and his common-law wife Sandra Farley in a
mobile home park. The neighbors had a good relationship for about a year. Animosity
arose after appellant voiced complaints about noise from Toby's and Sandra's children and
the music the couple played. Appellant also accused Sandra and Toby of trying to look in
appellant's windows. Appellant's ill will was primarily directed at Toby. Other neighbors
testified to complaints and threats appellant made against Toby. They did not take the
threats seriously and thought appellant was just "blowing off steam." On different
occasions Toby and Sandra suffered vandalism of a vehicle, and found nails and razor
blades scattered in their yard. Appellant admitted to pouring acid on Sandra's van but
denied the other acts. 

 Most of the State's version of the events surrounding Toby's death was presented
through Sandra Farley's testimony. Toby and Sandra returned home that evening with
their children and found a substance that smelled like bleach on a vehicle parked in front
of their home. Suspecting appellant was the cause of the odor, Toby threw a sandal at
appellant's trailer. Sandra threw a small rock at the trailer. Toby began washing his truck
with a water hose. While Sandra was inside with the children, appellant came out of his
trailer, screaming, and confronted Toby. As Sandra stepped onto the porch, she witnessed
a struggle during which appellant stabbed Toby twice. Toby managed to get inside their
trailer but died from the injuries. 

 Appellant testified and presented a version of events which differed in some material
respects. That evening he was alone eating a dinner consisting of a steak with rum and
Coke. He had consumed a pint of rum that evening and admitted to being intoxicated. 
When he heard the impacts on his trailer, he jumped up and went to investigate, carrying
the steak knife with him. Appellant went around to Toby and Sandra's property where he
said Toby came at him "enraged." Appellant denied immediately recognizing Toby as the
person who was charging him. Appellant's description of what occurred during the struggle
varied. At some points he denied being aware he had stabbed Toby while elsewhere he
admitted to the stabbing in reaction to Toby's charging and grabbing him. Appellant also
acknowledged that, after Toby grabbed him, appellant knew Toby was unarmed. Both
sides agreed appellant fled and was found by police with the assistance of a helicopter. 
The knife was never located. 

 Appellant told the jury he had been diagnosed as being manic-depressive, denied
any intent to kill Toby, and asserted he was acting in self-defense. The trial court charged
the jury on the offenses of murder, manslaughter and criminally negligent homicide, and
the defenses of self-defense and defense of property. The jury rejected appellant's
defenses and found him guilty of murder. 

 Citing Blankenship v. State, 780 S.W.2d 198 (Tex.Crim.App. 1989), appellant
contends the evidence was legally insufficient to permit the jury to find beyond a
reasonable doubt he committed the offense of murder. When deciding whether evidence
is legally sufficient to support a conviction, a reviewing court must assess all the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could
find the essential elements of the crime beyond a reasonable doubt. Poindexter v. State,
153 S.W.3d 402, 405 (Tex.Crim.App. 2005), citing Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979). Appellant's brief does not identify a particular element
on which the State's evidence was lacking. His argument is that the evidence established
his claim of self-defense and the jury "appears to have ignored" appellant's testimony.

 The evidence that appellant stabbed the victim and the victim died of those wounds
was undisputed. The jury was not required to accept appellant's version of the events
surrounding the stabbing. As fact finder the jury is the exclusive judge of the credibility of
the witnesses and the weight to be given their testimony. Margraves v. State, 34 S.W.3d
912, 919 (Tex.Crim.App. 2000). As such, the jury may choose to believe or disbelieve all
or any part of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Crim.App. 1986). That a defendant's testimony presents conflicting versions of
events is a rational basis on which a jury can find the testimony not credible. McClesky v.
State, No. 01-05-1056-CR, 2006 WL 3316797, slip op. at 4 (Tex.App.-Houston [1st Dist.]
2006, pet. ref'd). Even without the internal conflicts in appellant's testimony, a defendant's
own testimony concerning intent does not render evidence legally insufficient to support
a contrary finding. Alvarado v. State, 912 S.W.2d 199, 207 (Tex.Crim.App. 1995); 
Denman v. State, 193 S.W.3d 129, 133 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

 The issue of self-defense is a fact issue to be determined by the jury, and a jury is
free to accept or reject the defensive issue, even if the evidence is uncontroverted. Hill v.
State, 99 S.W.3d 248, 252 (Tex.App.-Fort Worth 2003, pet. ref'd). A guilty verdict is an
implicit finding rejecting a defendant's self-defense theory. Saxton v. State, 804 S.W.2d
910, 914 (Tex.Crim.App. 1991). Evidence raising a defense imposes no duty on the State
to produce evidence refuting the defense and does not alter our review of the legal
sufficiency of the evidence. Id. at 913; McClesky, slip op. at 4. 

 At trial the disputed issue was whether appellant reasonably believed use of deadly
force was immediately necessary. See Tex. Pen. Code Ann. § 9.31, .32 (Vernon 2003)
(defining elements of self-defense and justified use of deadly force); Hill, 99 S.W.3d at 251. 
The evidence that appellant left his home with a deadly weapon, that he knew at a point
during their struggle that Toby was not armed, and that he fled from the scene support the
jury's rejection of appellant's self-defense claim. See Saxton, 804 S.W.2d at 914
(conducting evidentiary review of claim of self-defense); Miller v. State, 177 S.W.3d 177,
184 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd) (evidence of flight supported rejection
of self-defense); Louis v. State, 61 S.W.3d 593, 597 (Tex.App.-Amarillo 2001, pet. ref'd)
(flight is evidence of consciousness of guilt). 

 The jury's resolution of the conflicts here in favor of the State is supported by the
record. Restated, it was not irrational for the jury to find against appellant on the self-defense issue beyond a reasonable doubt. Saxton, 804 S.W.2d at 914. We overrule
appellant's sole issue and affirm the judgment of the trial court. 


 James T. Campbell

 Justice




Do not publish.




false" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0300-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 5, 2011

 

______________________________

 

 

IN RE: HARVEY BRAMLETT, JR. AND JASON BLAKENEY,
RELATORS

 

______________________________

 

ORIGINAL PROCEEDING

ARISING FROM PROCEEDING BEFORE THE 108TH DISTRICT
COURT

OF POTTER COUNTY; NO. 99,017-00-E;

HONORABLE DOUGLAS WOODBURN, JUDGE PRESIDING

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Relators, Harvey Bramlett, Jr. and
Jason Blakeney, proceeding pro se and in forma pauperis,
seek a writ of mandamus to compel the Honorable Douglas Woodburn to make and
file findings of fact and conclusions of law in their case against the Texas
Department of Criminal Justice Institutional Division, et al.  Final judgment was entered in the case on
March 14, 2011, and Relators complied with Rules 296 and 297 of the Texas Rules
of Civil Procedure in requesting findings and conclusions.  By order issued this same date, Relators'
direct appeal in cause number 07-11-0139-CV was abated
and the cause was remanded to the trial court with instructions to enter
findings of fact and conclusions of law.

            Consequently,
Relators' request for mandamus relief is rendered moot.

                                                                                    Per
Curiam