Opinion issued January 24, 2008











 




In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00496-CR




ROBERT JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1053833




O P I N I O N
          Appellant, Robert James, appeals from a judgment convicting him for the
offense of being a felon in possession of a firearm for which he was sentenced to ten
years in prison and a $1,000 fine. See Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon
2007). Appellant pleaded not guilty and not true to a punishment enhancement
paragraph. The jury found appellant guilty and determined his sentence after it found
true the conviction used to enhance punishment. In three points of error, appellant
contends that the evidence is legally and factually insufficient, and that the trial court
erred by allowing the State to improperly cross-examine him. We conclude the
evidence is legally and factually sufficient and the challenge concerning the State’s
cross-examination does not warrant reversal of the conviction. We affirm the
judgment of the trial court.
Background
          Houston Police Department Officers Shurbet and Rodriguez were working a
high crime area near the streets of Antoine and Tidwell on January 14, 2006 at about
7:55p.m. Officer Shurbet saw a blue Lincoln Town Car parked at an angle across a
handicapped parking space in a gas station parking lot. Officer Shurbet saw two
people, later identified as appellant and Douglas Brown, get into the Town Car. As
the Town Car drove from the parking lot, the officers’ computer revealed that the
plate on the Town Car was expired, and that it was registered to Brown, the driver. 
The officers stopped the car for traffic violations after Officer Shurbet saw the car
change lanes without signaling and make a turn without signaling. 
          As Officer Shurbet approached the rear passenger door of the Town Car, which
was illuminated by the patrol car’s spotlight, he saw appellant in the passenger seat
leaning forward in the seat and looking over his left shoulder to watch Officer
Rodriguez approach on the driver’s side of the car. As Officer Shurbet reached the
passenger side door, he saw appellant’s right hand in a gesture that appeared as
though something was being placed beneath the seat. Officer Rodriguez also saw
appellant bending down. 
          Appellant and Brown got out of the car at the request of the officers. Officer
Shurbet asked appellant several times to place his hands on the car, but appellant did
not fully comply, only “halfway” placing his hands on the car. Each of the officers
saw appellant looking around in a manner that appeared as though he was looking for
a place to run. 
          After placing appellant in the patrol car for the safety of the officers, Officer
Shurbet returned to the Town Car, where he found a black revolver under the
passenger seat within inches of where appellant’s legs had been and within
appellant’s easy reach. The gun was loaded with six shells. Appellant was arrested
for possession of the weapon, and the driver was arrested for the traffic violations
because he had no identification. The gun was submitted for latent fingerprint
examination, which revealed one partial latent print that came from the cylinder of
the weapon, but the print had insufficient detail to make an identification.
          At trial, appellant testified that on the evening of the traffic stop, he ran into
Brown at the gas station and got into Brown’s car to get a ride to a friend’s house that
was two blocks away. Realizing that he did not have a seatbelt on, appellant said that
he reached down to his lap, got the buckle and strapped on the belt. Appellant denied
reaching down to the floor. Appellant acknowledged that he was nervous and
looking around when he got out of the car at the officer’s request but denied that he
tried to run or resist arrest. Appellant explained that his nervous behavior was due
to his consumption of marijuana earlier in the day. Appellant denied possession of
the gun.Sufficiency of the Evidence
          Appellant challenges the sufficiency of the evidence to establish felon in
possession of a firearm. Appellant does not challenge the evidence relating to his
prior conviction; rather, his challenge only concerns the affirmative links between
him and the weapon. 
A. Affirmative Links
          To establish unlawful possession of a firearm by a felon, the State must show
that the accused was previously convicted of a felony offense and possessed a firearm
after the conviction and before the fifth anniversary of his release from confinement
or from community supervision, parole, or mandatory supervision, whichever date is
later. Tex. Pen. Code Ann. § 46.04(a)(1); Hawkins v. State, 89 S.W.3d 674, 677
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Possession is a voluntary act if the
possessor knowingly obtains or receives the thing possessed or is aware of his control
of the thing for a sufficient time to permit him to terminate his control. Tex. Pen.
Code Ann. § 6.01(b) (Vernon 2007); Hawkins, 89 S.W.3d at 677. 
          If the firearm is not found on the defendant or is not in his exclusive
possession, the evidence must affirmatively link him to the firearm. Bates v. State,
155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.); see also Hawkins, 89
S.W.3d at 677. The State may establish possession by proving an “affirmative link,”
which demonstrates that the defendant was conscious of his connection with the
weapon and knew what it was. Hawkins, 89 S.W.3d at 677. Factors that may
establish an affirmative link include whether: (1) the contraband was in plain view;
(2) the defendant was the owner of the car in which the contraband was found; (3) the
defendant was the driver of the car in which the contraband was found; (4) the
defendant was in close proximity and had ready access to the contraband; (5) the
contraband was found on the same side of the car as the defendant; (6) contraband
was found on the defendant; (7) the defendant attempted to flee; (8) conduct by the
defendant indicated a consciousness of guilt, including extreme nervousness or
furtive gestures; (9) the defendant had a special connection or relationship to the
contraband; (10) the place where the contraband was found was enclosed;
(11) occupants of the automobile gave conflicting statements about relevant matters;
and (12) affirmative statements connect the defendant to the contraband, including
incriminating statements made by the defendant when arrested. Bates, 155 S.W.3d
at 216–17; see also Hawkins, 89 S.W.3d at 677; Corpus v. State, 30 S.W.3d 35, 38
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d); Gilbert v. State, 874 S.W.2d 290,
298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). The evidence used to satisfy
these elements can be either direct or circumstantial. Hawkins, 89 S.W.3d at 677. 
The number of factors present is not as important as the logical force the factors have
in establishing the elements of the offense. Bates, 155 S.W.3d at 217; Hawkins, 89
S.W.3d at 677. The absence of various affirmative links does not constitute evidence
of innocence to be weighed against the affirmative links present. Hernandez v. State,
538 S.W.2d 127, 131 (Tex. Crim. App. 1976).
B. Legal Sufficiency
          In his first issue, appellant contends that the evidence is legally insufficient to
show that he knowingly possessed the firearm. 
          In a legal-sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005); McCleksy v. State, 224 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d). In conducting our review of the legal sufficiency of the evidence,
we do not reevaluate the weight and credibility of the evidence but ensure only that
the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim.
App. 1993).
          Appellant contends the evidence is insufficient to link him to the firearm
because no one saw him handle the gun; he testified it was not his gun; no matching
fingerprint was found on either the gun or the bullets; the gun was not in plain view;
he was only in the car for a short period of time; he did not possess other contraband;
he did not flee; he could have been moving around for reasons other than to push a
gun under the seat; he did not own the vehicle; and the place where the gun was
found was not enclosed. 
          Viewing the evidence in a light most favorable to the jury’s verdict, the record
shows appellant was in close proximity to the weapon, which was located within
inches of his legs and within easy reach. Other circumstances show that appellant
was nervously looking around in a manner that made the officers believe he was
going to attempt to flee. Further, appellant was seen gesturing as though he was
placing something under the seat. A rational jury could have found these
circumstances sufficient to show appellant’s knowing possession of the firearm. See
Nguyen v. State, 54 S.W.3d 49, 52 (Tex. App.—Texarkana 2001, pet. ref’d). We hold
that the evidence is legally sufficient to support the jury’s finding. We overrule
appellant’s first issue.
C. Factual Sufficiency of the Evidence
          Appellant contends in his second issue that the evidence is factually
insufficient to establish that he knowingly possessed the firearm. 
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).
          A jury is in the best position to evaluate the credibility of witnesses, and we are
required to afford “due deference” to the jury’s determinations. Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006). It is within the jury’s province to
determine witness credibility. See Cain v. State, 958 S.W.2d 404, 408–09 (Tex.
Crim. App. 1997). Here, it was within the jury’s province to disbelieve appellant’s
testimony, including his denial that he possessed the gun and that his nervousness
was due to his earlier consumption of marijuana rather than consciousness of guilt for
possession of the weapon. See id.
          Appellant points to evidence that Brown owned the car; appellant was in the
car for only two blocks; Brown immediately pulled over for the officers without
delaying to give appellant time to hide anything; appellant was not seen holding the
firearm; no evidence of fingerprints linked him to the firearm; and appellant testified
he leaned forward in his seat to buckle his seatbelt. Although these are circumstances
that do not link appellant to the weapon, other circumstances show that he knowingly
possessed the firearm. The firearm was located within inches of appellant’s legs, in
easy reach, in a place where he was seen reaching as he leaned forward in the seat. 
The gesture appeared to the officers as though appellant was putting something
beneath the seat. The officers stated that appellant was nervous and seemed as
though he wanted to flee from the officers. These circumstances are sufficient for the
jury to infer that appellant knowingly possessed the firearm that was found near his
feet. See Hernandez, 538 S.W.2d at 131 (holding that absence of certain affirmative
links “is not evidence of appellant’s innocence to be weighed against the evidence
tending to connect appellant to the [contraband]”).
          Appellant contends the determination that the evidence was factually
insufficient in Nguyen compels that same holding here because of the similarities
between the circumstances. See Nguyen, 54 S.W.3d at 51–52. Appellant is correct
that many similarities exist between his situation and the appellant in Nguyen. See
id. In both cases, the defendant was the front passenger in a car stopped for a traffic
violation; the defendant was seen reaching towards the place where the gun was
found; the car was not registered to the defendant; the defendant was in the car for a
minimal period of time while it drove a short distance; the defendant was not seen
handling the gun; no matching fingerprints were obtained from the gun; and
circumstances suggested the defendant had consciousness of guilt. The
circumstances showing consciousness of guilt were that Nguyen feigned being asleep
when the officer saw him awake, and here, that appellant seemed nervous and looked
around as if he wanted to flee. See id.
          Although the circumstances in Nguyen are similar to the ones here, one
material difference that is not present in Nguyen is highly probative of appellant’s
knowing possession of the firearm. Here, the firearm was within inches of appellant’s
feet, in a place that was easily accessible to him, and in a position where he was seen
reaching, in a manner that appeared as though he was placing something beneath the
seat. Although Nguyen was also seen reaching towards the place where the gun was
found, that weapon was less accessible to Nguyen due to its location under a
removable back seat behind the driver and testimony was presented about the
difficulty of reaching it from Nguyen’s position. See id. at 52. Here, the easy
accessibility of the gun, combined with appellant’s gesture towards it, his
nervousness, and his behavior suggesting an intent to flee, are sufficient
circumstances to warrant a determination that the evidence is factually sufficient. 
          We conclude that the evidence is not so weak that the verdict is clearly wrong
and manifestly unjust, and there is no basis in the record for a determination that the
great weight and preponderance of the evidence contradicts the jury’s verdict. See
Watson, 204 S.W.3d at 417. We hold the evidence is factually sufficient. We
overrule appellant’s second issue.
Admission of EvidenceIn his third issue, appellant contends that the trial court erred by allowing the
State to question appellant “as to what another person would have said if called as a
witness.” Appellant points to two comments by the prosecutor during cross-examination. 
A. Comment Regarding What Driver Would Say 
          Appellant challenges the State’s cross-examination question to him that asked
whether the driver of the car, Brown, “would be able to say that that wasn’t your
gun.” Appellant’s trial counsel objected that the question called for speculation. The
trial court overruled the objection, allowing the question. Appellant then responded,
“I mean I can’t control another individual. I can’t predict what they’ll say so I really
couldn’t tell you, sir.” Appellant contends that he was harmed by the ruling because
the main issue in the case came down to whether the circumstantial evidence,
consisting of proximity and movement, outweighed his testimony. See id.
          To determine whether the erroneous admission of evidence merits reversal, we
look to Rule 44.2(b) of the Rules of Appellate Procedure, governing
nonconstitutional error in criminal cases. See Tex. R. App. P. 44.2(b); Johnson v.
State, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). The judgment must be reversed if the
error affected the accused’s substantial rights. See Tex. R. App. P. 44.2(b); Johnson,
43 S.W.3d at 5. Error affects a substantial right when it has a substantial and
injurious effect or influence in determining the jury’s verdict. Johnson, 43 S.W.3d
at 3–4. An erroneous evidentiary ruling is harmless when other evidence on the same
matter is admitted without objection from appellant. Saldano v. State, 232 S.W.3d
77, 102 (Tex. Crim. App. 2007, pet. filed); Leday v. State, 983 S.W.2d 713, 717–18
(Tex. Crim. App. 1998). 
          Assuming the court erred by overruling the objection, the same information
was admitted without any objection by appellant. Without objection, appellant was
asked whether the driver was surprised when the gun was taken out of the driver’s
car, and appellant answered, “I don’t know what he was thinking, sir. That’s
something you would have to ask him.” Appellant’s unobjected-to testimony related
that appellant did not know what Brown, the driver, was thinking and that only
Brown could say whether Brown was surprised by the seizure of the gun found in the
car. This is the same information that appellant contends was erroneously allowed
by the trial court. Because the same evidence was introduced without objection, any
error in the trial court’s ruling to allow the evidence was rendered harmless. See id.
B. Comment Implying that Appellant Was Obligated to Bring Brown to Testify
          Appellant also contends that the State implied that it was appellant’s obligation
to bring Brown to testify. After appellant answered, “That’s something you would
have to ask [Brown],” the State responded, “We would have that chance if your friend
was here. Wouldn’t we, Mr. James?” The State contends that error, if any, is waived
because appellant did not object to this statement by the prosecutor. An appellant
must object, or he waives error. Tex. R. App. P. 33.1(a); Steadman v. State, 31
S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (citing Turner v.
State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991)). We hold that appellant waived
error by failing to object to the State’s question. See Steadman, 31 S.W.3d at 741. 
We overrule appellant’s third issue.Conclusion
          We affirm the trial court’s judgment.
 
 
Elsa Alcala
Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Publish. See Tex. R. App. P. 47.2(b).