

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-0110-CR

_____

NATHANIEL MADEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-428,469, Honorable John J. "Trey" McClendon, Presiding

March 13, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant Nathaniel Maden appeals from his conviction by jury of the offense of aggravated assault with a deadly weapon and the resulting sentence of 99 years of imprisonment. Appellant challenges the court's judgment through three issues. We will affirm.

Background

Appellant was indicted for intentionally, knowingly or recklessly causing serious bodily injury to Richard Essix by shooting him with a firearm, a deadly weapon.[1] The indictment included an enhancement provision stating appellant's prior felony conviction for possession of a controlled substance. On appellant's not-guilty plea, the case was tried to a jury.

Evidence showed Lubbock police officers responded to a Lubbock bar in the early hours of July 11, 2010, to investigate a shooting. Officer Garcia found Essix on the ground. He suffered three gunshot wounds, two to his chest and one under his left arm. Speaking of appellant, Essix told Officer Garcia, "Snake shot me."

Essix testified to his feud with appellant stemming from the death of Essix's father. Appellant was charged with his murder, but acquitted. Essix testified he had accosted appellant at the bar a few months before the shooting because Essix "wanted to know the truth" about appellant's involvement in his father's death, but appellant "wouldn't give an answer." Other witnesses testified to similar confrontations between Essix and appellant. Essix testified that after he was shot, he ran across the road but fell. Appellant approached and shot him twice more.

Appellant also took the witness stand. He testified Essix had previously threatened to kill him and had done so again the night of the shooting. Appellant did not

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2012). This is a second degree felony. Tex. Penal Code Ann. § 12.33 (West 2012). Because appellant had a prior felony conviction, the range of punishment was enhanced to that of a first degree felony. Tex. Penal Code Ann. § 12.32; 12.42 (West 2012).

deny shooting Essix but said he shot him because he was afraid for his life. He told the jury that he and Essix were outside the bar. They exchanged words and Essix "flinched." In response, appellant drew his gun and shot Essix. Appellant admitted he shot Essix a second time after Essix fell but said he did so because Essix flinched again as if he were reaching for a gun. Appellant testified he recalled shooting only twice. He testified to being "high" and to drinking that night. Appellant acknowledged he intended to shoot Essix each time he shot him.

The jury found appellant guilty of aggravated assault with a deadly weapon. Appellant plead true to the enhancement paragraph and, after hearing punishment evidence, the jury assessed the noted punishment. This appeal followed.

Analysis

Admission of Telephone Conversation

In appellant's first issue, he contends the trial court erred by admitting into evidence his telephone conversation with his wife, recorded while he was detained in the Lubbock police department holding facility. During their recorded conversation, appellant told his wife he shot Essix four times and asked if Essix was "dead yet."

Appellant argues on appeal that the recording of his telephone conversation violated a provision of the Texas wiretapping statute.[2] The State briefs a different issue,

---

[2] Tex. Penal Code Ann. § 16.02(b)(1) (West 2011) (providing person commits offense if he "intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication"). The statute incorporates definitions from Article 18.20 of the Texas Code of Criminal Procedure. Tex. Penal Code Ann. § 16.02(a) (West 2011); Tex. Code Crim. Proc. Ann.

3

contending appellant had no reasonable expectation of privacy in his telephone call, under the Fourth Amendment. *See Hudson v. Palmer,* 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (addressing reasonableness of expectation of privacy in prison cell); *State v. Scheineman,* 77 S.W.3d 810, 811 (Tex.Crim.App. 2002) (arrestee in custody in county law enforcement building).

As a prerequisite to presenting a complaint for appellate review, the record must reflect that the complaint was made to the trial court by a timely request, objection**,** or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103 (error may not be predicated upon a ruling that admits evidence unless a timely objection or motion to strike appears of record, stating the specific ground of the objection, if the specific ground was not apparent from the context). Rules 33.1 and 103 are "judge protecting" rules of error preservation. *See Martinez v. State,* 91 S.W.3d 331, 335 (Tex.Crim.App. 2002). The basic principle of both rules is that of "party responsibility." *Id.* Thus, the party complaining on appeal about a trial court's admission of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the ground in question and its precise and proper application to the evidence in question. *Id.* at 335-36. Moreover, when trial objections do not comport with the complaints raised on

---

art. 18.20 (West 2011). It also contains affirmative defenses to prosecution, including one applicable to persons who take certain actions while "acting under color of law." Tex. Penal Code Ann. § 16.02(c)(3) (West 2011). Appellant argues the affirmative defense does not apply.

appeal, nothing is preserved for review. *Huerta v. State,* 933 S.W.2d 648, 650 (Tex.App.—San Antonio 1996, no pet.).

Review of the record here shows appellant made no mention of the wiretapping statute, or any other Texas statutory provision, in his objection to admission of the recording of the telephone conversation. Accordingly, we are compelled to the conclusion his first appellate issue presents nothing for our review. *Id.* at 650. It is overruled.

Admission of Appellant's Statement

In appellant's second issue, he asserts the trial court erred when it admitted his statement to detectives because it was not a voluntary statement due to appellant's intoxication that night. We must agree with the State's contention the issue is not preserved for our review.

At trial, appellant objected to the admission of his statement to police on two bases: (1) the oral statement was not reduced to writing and not signed by appellant; and (2) part of the oral statement was made prior to *Miranda* warnings being given. On appeal, appellant argues his statement should not have been admitted because it was involuntary as he was "high" and doesn't remember what he said.

Appellant's objections at trial were not sufficiently specific to inform the trial court that the basis of his objections was involuntariness due to intoxication. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103. Further, appellant's objections at trial do not comport with

his complaint on appeal. *Huerta,* 933 S.W.2d at 650. Consequently, the issue is not preserved for our review.[3] We overrule appellant's second issue.

Sufficiency of the Evidence

By his third issue, appellant challenges the sufficiency of the evidence to support his conviction. In reviewing its sufficiency, we examine the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010), *citing Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). We review all the evidence in the light most favorable to the verdict and assume the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Rollerson v. State*, 227 S.W.3d 718, 724 (Tex.Crim.App. 2007).

Appellant's argument focuses on the proof he acted with the required culpable mental state. He recognizes aggravated assault like that charged here is a result-of-conduct offense. *Landrian v. State,* 268 S.W.3d 532, 533, 537 (Tex.Crim.App. 2008).

---

[3] Even if it were preserved for review, we could not resolve this issue in appellant's favor. Voluntary intoxication does not render a statement involuntary. It is "but one relevant factor to consider in determining whether an accused understood his rights." *Ripkowski v. State,* 61 S.W.3d 378, 384 (Tex.Crim.App. 2001), *citing Jones v. State,* 944 S.W.2d 642, 651 (Tex.Crim.App. 1996), *cert. denied,* 522 U.S. 832, 139 L.Ed.2d 54, 118 S.Ct. 100 (1997). Our review of the record shows the trial court heard evidence indicating appellant understood his rights and his statement was voluntarily made.

Under the indictment, with regard to the culpable mental state, the proof required was that appellant intentionally, knowingly or recklessly caused serious bodily injury to Essix.

That appellant shot Essix was not disputed. The jury had before it appellant's testimony that he intended to shoot Essix each time he shot him. It also had appellant's statement to police that he told Essix to "say [his] prayers" before he shot him. Appellant chased Essix across a highway and shot him at close range while Essix was lying on the ground. Before the jury also was the medical evidence Essix was shot three times in the chest and abdomen, arrived at the hospital in "unstable" condition, and received surgery to treat his wounds. Viewed in the proper light, the evidence appellant acted with the required culpable mental state, that is, caused serious bodily injury to Essix "intentionally, knowingly or recklessly," was sufficient.

The charge also contained an instruction authorizing the jury to find appellant was justified in shooting Essix because he acted in self-defense. *See* Tex. Penal Code Ann. § 9.31 (West 2012) (defining requirements of justification of self-defense). A defendant has the burden of producing some evidence to support a claim of self-defense. *McClesky v. State,* 224 S.W.3d 405, 409 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). Once the defendant meets this burden, the burden shifts to the State; the State then has the burden of persuasion to disprove the claim of self-defense. *Id.* This does not require the State to produce evidence. *Id.* Instead, the State need only prove its case beyond a reasonable doubt. *Id.* Therefore, "to convict a defendant after he has raised self-defense, the State must prove the elements of the offense beyond a reasonable doubt, and persuade the jury beyond a reasonable doubt that the defendant did not kill in self-defense." *Id.* The issue is a factual one to be determined by the jury,

which may accept or reject the claim of self-defense. *Id.; see Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex.Crim.App. 1991) (self-defense is a fact issue for the jury, "which is free to accept or reject the defensive issue"); *Sparks v. State,* 177 S.W.3d 127, 131 (Tex.App.—Houston [1st Dist.] 2005, no pet.) (only the jury decides whether to reject or accept a properly raised defensive theory). A finding of guilt by the trier of fact implies a finding against self-defense*. McClesky,* 224 S.W.3d at 409*.*

Appellant may be contending on appeal that the State failed to meet its burden to persuade the jury beyond a reasonable doubt that he did not shoot Essix in self-defense. We cannot agree with such a contention. On the evidence it heard, the jury was free to reject appellant's self-defense theory. *Saxton,* 804 S.W.2d at 913-14. The evidence we have recited as tending to prove appellant's intent to cause Essix injury also tends to disprove a contention he acted in self-defense. Further, witnesses testified they never saw Essix with a gun or weapon or make any threatening gestures toward appellant. It was the jury's task to resolve the differences in appellant's version of the events and the version presented through the State's witnesses. *Rollerson*, 227 S.W.3d at 724.

We find the evidence supporting conviction sufficient, and overrule appellant's third issue. Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8