ACCEPTED
14-14-00313-CR
FOURTEENTH COURT OF APPEAL:
HOUSTON, TEXAS
2/13/2015 9:05:58 AM
CHRISTOPHER PRIN
CLERK

# No. 14-14-00313-CR

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

————————◆————————

**No. 1374245**
In the 180th District Court
Of Harris County, Texas

————————◆————————

# NORMAN ANDREW PUCKETT,

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

————————◆————————

# STATE'S APPELLATE BRIEF

————————◆————————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

2/13/2015 9:05:58 AM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
TBC No. 19141400
stelter_kimberly@dao.hctx.net

**VERONICA NELSON**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT REQUESTED ONLY IF GRANTED TO APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is granted to the appellant.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Kimberly Aperauch Stelter** — Assistant District Attorney on appeal

**Veronica Nelson** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Norman Andrew Puckett**

Counsel for Appellant:

**Thomas A. Martin** — Counsel on appeal

**Anthony T. Simmons** — Counsel at trial

Trial Judge:

**Leslie Brock Yates** — Presiding Judge

i

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ....................................................i

INDEX OF AUTHORITIES................................................................... iii

STATEMENT OF THE CASE...................................................................1

STATEMENT OF FACTS .........................................................................1

SUMMARY OF THE ARGUMENT PRESENTED ...................................4

REPLY TO  APPELLANT'S FIRST, SECOND, AND THIRD ISSUES

PRESENTED ...........................................................................................~~5~~4

    1.   Not obtaining the help of a forensic medical expert witness...................~~7~~6
    2.   Not requesting concurrent causation jury charge and not submitting
proposed concurrent causation jury charge. .......................................................8
    3.   Not introducing mitigating evidence or cross-examining any of the State's
witness' during the punishment phase of trial...............................................~~10~~9

REPLY TO  APPELLANT'S FOURTH ISSUE PRESENTED .............................11

REPLY TO  APPELLANT'S FIFTH ISSUE PRESENTED .................................14

CONCLUSION .......................................................................................18

CERTIFICATE OF SERVICE AND COMPLIANCE ..........................................18

# INDEX OF AUTHORITIES

## CASES

*Aldaba v. State*,
382 S.W.3d 424 (Tex. App.—
Houston [14th Dist.] 2009, pet. ref'd) ...............................................................7

*Almanza v. State*,
686 S.W. 2d 157 (Tex. Crim. App. 1984)............................................................13

*Barrios v. State*
283 S.W.3d 348 (Tex. Crim. App. 2009)............................................................11

*Bone v. State,*
77 S.W.3d 828 (Tex. Crim. App. 2002)......................................................... 5, 7, 9

*Bulter v. State*,
716 S.W.2nd 48 (Tex. Crim. App. 1986).............................................................6

*Casey v. State,*
215 S.W.3d 870 (Tex. Crim. App. 2007)............................................................14

*Cate v. State*,
124 S.W.3d 922 (Tex. App.—
Amarillo 2004, pet. ref'd) ...............................................................................6

*Ex Parte Imoudu*,
284 S.W.3d 886 (Tex. Crim. App. 2009)............................................................4

*Ex Parte McFarland*,
163 S.W.3d 743 (Tex. Crim. App. 2005)............................................................10

*Ex parte Moreno,*
245 S.W.3d 419 (Tex. Crim. App. 2008)............................................................15

*Hernandez v. State,*
309 S.W.3d 661(Tex. App.–
Houston [14th Dist.] 2010, pet. ref'd) ...............................................................11

*Johnson v. State*,
959 S.W.2d 230 (Tex. App.—
Dallas 1997, no pet) .......................................................................................6

*Johnson v. State,*
 967 S.W.2d 410 (Tex. Crim. App.1998)......................................................16

*King v. State,*
 953 S.W.2d 266 (Tex. Crim. App. 1997).....................................................16

*Kirk v. State,*
 421 S.W.3d 772 (Tex. App. –
 Fort Worth, 2014, pet. ref'd)........................................................................16

*Mallett v. State*
 65 S.W.3d 59 (Tex. Crim. App. 2001)...........................................................5

*McCarty v. State,*
 257 S.W.3d 238 (Tex. Crim. App. 2008)................................................ 14, 15

*McClesky v. State,*
 224 S.W.3d 405, 409 (Tex. App.–
 Houston [1st Dist.] 2006, pet. ref'd)............................................................12

*Mitchell v. State,*
 68 S.W.3d 640 (Tex. Crim. App. 2002)..........................................................5

*Mosley v. State,*
 983 S.W.2d at 249 (Tex. Crim. App. 1996)..................................................16

*Paredes v. State*
 129 S.W.3d 530 (Tex. Crim. App. 2004).......................................................14

*Rylander v. State,*
 101 S.W.3d 107 (Tex. Crim. App. 2003).........................................................5

*Solomon v. State,*
 49 S.W.3d 356 (Tex. Crim. App. 2001).........................................................16

*Strickland v. Washington,*
 466 U.S. 668 (1984) .......................................................................................4

*Teixeira v. State,*
 89 S.W.3d 190 (Tex. App.—
 Texarkana 2002, pet. ref'd)............................................................................6

*Tennard v. Dretke,*
 542 U.S. 274, 285 (2004) .............................................................................15

*Thompson v. State,*
 9 S.W.3d at 808, 813 (Tex. Crim. App. 1999)................................................5

*Vasquez v. State*,
    389 S.W.3d 361 (Tex. Crim. App. 2012).............................................................13

*Williams v. State,*
    301 S.W.3d 675 (Tex. Crim. App. 2009)..............................................................4

*Williams v. State,*
    958 S.W.2d 186 (Tex. Crim. App. 1997)............................................................15

*Zuliani v. State,*
    97 S.W.3d 589 (Tex. Crim. App. 2003).............................................................11

## STATUTES

TEX. PENAL CODE ANN. § 6.04(a) (West 2010) .......................................................7

TEX. PENAL CODE ANN. § 9.32(a) (West 2010) .....................................................12

## RULES

TEX. R. APP. P. 39............................................................................................... i

Tex.R. Evid. 401 ...............................................................................................15

TEX.R.APP. P. 44.2(b); .....................................................................................16

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with murder (CR.–7). He pled "not guilty" to the charge, and the case was tried to a jury (CR. –1672). The jury found him guilty and assessed punishment at nineteen years in the Institutional Division of the Texas Department of Criminal Justice (CR –1672). The appellant filed notice of appeal that same day, and the Court certified his right to appeal (CR –1674, 1676).

## STATEMENT OF FACTS

On July 2, 2012, appellant and the victim, Stephen Mobley, were staying at a residence, which housed people who were trying to stay off drugs and alcohol (RR. III-36). Appellant, who slept in the living room, had done something to the light fixture in the kitchen so that it wouldn't turn on, because when it did it shone in his face (RR. III-44, 65, 75). Mobley became angry because the light didn't work, and he confronted appellant about it in the early morning hours of July 2, 2012 (RR. III-44, 75). Maynor Smith, another resident of the house, was also sleeping in the living room and was woken up by the argument around 3:00 or 4:00 a.m. (RR. III-40, 43). Smith saw Mobley standing over appellant, yelling about appellant having messed with the light switch (RR. III-42). Smith testified that as appellant was

lying down on his back on the couch he reached up and stabbed Mobley (RR. III-49).

Mobley went outside, shocked and bleeding, with his intestines hanging out and blood dripping everywhere (RR. III-50, State's Exhibit No. 10, 21). He was taken to the hospital, where he endured an extended hospital stay (State's Exhibit No. 1, CR. 65-1640). Mobley was unconscious for much of this hospitalization (RR. III-112). He had to have numerous surgeries in an effort to repair the front and back of his stomach and an artery at the back of his stomach (RR. III-112). He became lucid only in the last few weeks of his hospitalization (RR. III-112, 113). Due to complications from the stab wound he never left the hospital and died on October 17, 2012, approximately three and a half months after the initial attack by appellant (RR. III-126, State's Exhibit No. 1).

Appellant admitted stabbing Mobley, but claimed he did so in self-defense. According to appellant, Mobley bent down to his ear and whispered "I am going to bleed you out." (RR. III-155). Mobley pressed down on appellant's neck with his elbow (RR. III-158). Appellant struggled with Mobley but couldn't break free, so he stabbed him with a knife that he had pulled out of his back pocket (RR. III-159).

Appellant's testimony at trial was different both from what he had told the police and what Smith had observed that night. Officer Brown was at the scene and was able to speak to appellant (RR. III-74). Appellant told Brown that Mobley

2

told appellant "when he goes to sleep he was going to bleed him." (RR. III-76). Appellant never mentioned to Brown that Mobley "in any way put his arm around his neck or anything like that" (RR. III-76).

Smith never heard Mobley say he was going to "bleed" or kill appellant (RR. III-44). Smith testified that appellant was lying down, and Smith did not hear him respond at all to what Mobley was saying (RR. III-45). Most importantly, Smith did not see Mobley touching appellant (RR. III-47).

Appellant's trial testimony was also inconsistent with what he later told Officer Jackson (RR. III-165, 172). For example, by the time he spoke to Officer Jackson, appellant described Mobley as having a short little knife (RR. III-168-169, 191). No knife was recovered, however, and at trial appellant changed his story once again and testified only that he thought he saw "a glint of some metallic object" (RR. III-160). Appellant also claimed that Mobley was pressing down on his neck, causing pain and affecting his ability to breathe (RR. III-159). Yet appellant did not indicate that he had been injured in any way and never complained of any injuries, scars, bruising or any type or pain that night (RR. III-23). Police on the scene did not notice and photos taken of appellant that night did not show any injuries or marks on appellant's neck (RR. III-22-24, State's Exhibit 5, 7, and 8).

## SUMMARY OF THE ARGUMENT PRESENTED

Trial Counsel did not provide ineffective assistance of counsel. While appellant claims counsel should have obtained a forensic medical expert witness on the issue of no independent intervening causation of death, he has not shown that consultation with such an expert did not occur, or that any evidence from this expert would have been helpful to his case. Nor is appellant ineffective for not requesting or failing to object to a jury charge on concurrent causation of death, when there is no record of trial counsel's strategy, such argument was not supported by the record, and defense counsel's focus was on self-defense. Finally, defense counsel cannot be considered ineffective for not introducing evidence at the punishment stage of trial when there is nothing to indicate that favorable evidence existed, trial strategy could explain counsel's actions, and the sentence received was light, indicating that trial counsel's decisions at punishment were correct. The jury's charge on the issue of self-defense was proper and appellant has not established actual harm from the charge as given. Finally the trial court did not abuse its discretion in admitting photos of the victim with his family into evidence, and admission of the photos, even if error, was did not affect appellant's substantial rights.

## REPLY TO APPELLANT'S FIRST, SECOND, AND THIRD ISSUES PRESENTED

Appellant in his first three issues presented argues that defense counsel provided ineffective assistance of counsel at trial. Specifically, appellant argues that counsel was ineffective for: 1) not obtaining a forensic medical expert witness to raise the issue of no independent intervening causation of death, 2) not objecting to the lack of a concurrent causation jury charge instruction or submitting a proposed independent intervening causation instruction, and 3) introducing no mitigating evidence or cross-examining the State's witnesses during the punishment stage of trial.

### A. Standard of Review

To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668 (1984); *Ex Parte Imoudu*, 284 S.W.3d 886, 869 (Tex. Crim. App. 2009). Failure to make either one of these required showings defeats an ineffectiveness claim. *See Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

Courts indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; therefore, appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Williams,* 301 S.W.3d at 687. This review is highly deferential to counsel, and courts do not speculate regarding counsel's trial strategy. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail on an ineffective assistance claim, the appellant must provide an appellate record that affirmatively demonstrates that counsel's performance was not based on sound strategy. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson v. State,* 9 S.W.3d at 808, 813 (Tex. Crim. App. 1999) (holding that record must affirmatively demonstrate alleged ineffectiveness). Because the reasonableness of trial counsel's choices often involves facts that do not appear in the appellate record, the Court of Criminal Appeals has stated that trial counsel should ordinarily be given an opportunity to explain his actions before a court reviews that record and concludes that counsel was ineffective. *See Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); *Bone,* 77 S.W.3d at 836; *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

### B. <u>Counsel's Alleged Errors</u>

**1. Not obtaining the help of a forensic medical expert witness.**

Appellant claims that his trial counsel should have obtained the help of a forensic medical expert witness to raise the defensive issue of no intermediate causation of death.

When an appellant argues that his trial counsel's conduct amounted to ineffective assistance by failing to call an expert witness, the appellant must show that the expert's testimony would have been beneficial to him. *See Cate v. State*, 124 S.W.3d 922, 927 (Tex. App.—Amarillo 2004, pet. ref'd); *Teixeira v. State*, 89 S.W.3d 190, 194 (Tex. App.—Texarkana 2002, pet. ref'd). The appellant must also show that the witness was available to testify. *Bulter v. State*, 716 S.W.2nd 48, 55 (Tex. Crim. App. 1986); *Johnson v. State*, 959 S.W.2d 230, 236 (Tex. App.—Dallas 1997, no pet).

Appellant makes an assumption that defense counsel did not consult any expert in preparing for trial, but there is absolutely no support for this in the record. In fact, there is no evidentiary record at all to show what actions defense counsel took in investigating this defense. It may well be that defense counsel consulted an expert or had ~~someone~~ an expert look over Mobley's medical record and could find no expert to testify that there was some intervening causation of death. Certainly this could be the case when Mobley never left the hospital and never fully recovered from the wound inflicted by appellant. The medical examiner was also

unequivocal in his opinion that Mobley died as a result of the stab wound inflicted by appellant (RR. III-142). As he explained to the jury, "There's no sufficient intervening cause to change the cause and manner of death. The entire sequence of events lead back to the stab wound…" (RR. III-145). Given these facts and this testimony, appellant has not shown that defense counsel's decision not to call a medical expert as a witness was not part of sound trial strategy. *See Bone v. State*, 77 S.W.3d at 833; *Aldaba v. State*, 382 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

Appellant's first issue presented is without merit and should be overruled.

### 2. Not requesting concurrent causation jury charge and not submitting proposed concurrent causation jury charge.

Appellant claims that his trial counsel was ineffective for failing to submit an instruction on concurrent causation or to object to the absence of such a charge.

The statutory definition on concurrent causation has two parts. The first half of the definition states the general principle that a person is responsible for his or her conduct, even when the result is influenced by another's conduct: "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause...." TEX. PENAL CODE ANN. § 6.04(a) (West 2010). The second half of the statutory definition contains the exception to that general principle, an exception that otherwise excuses the

8

actor's conduct: "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *Id*.

The facts of the case established that Mobley was stabbed by appellant, hospitalized, and later died. Mobley never left the hospital, never fully recovered, and later died of medical conditions stemming from his stab wound. As stated earlier, the medical examiner explicitly testified that there was no intervening cause of Mobley's death, and that he died as a result of the stab wound inflicted by appellant (RR. III-142, 145). Given this evidence, appellant was not even entitled to an instruction on concurrent causation, and so his trial counsel's failure to request such a charge or to object to its omission cannot be error. *Remsburg v. State*, 219 S.W.3d 541, 545 (Tex. App.—Texarkana, 2007, pet. ref'd) (holding counsel not ineffective for failing to request instruction on concurrent causation).

Even if such instruction were arguably raised by the evidence, counsel may well have decided not to request such instruction. In some cases, it may be a more effective strategy to focus on a relatively narrow defense, rather than arguing every defense available. Defense counsel's main focus at trial was the issue of self-defense. To include a concurrent causation charge as well might have proven too confusing and weakened the appellant's stronger argument of self-defense. *Cf. Remsburg*, 219 S.W.3d at 546-47 (the instruction's wording to the effect that the defendant is not required to be the sole cause of the occurrence and may be

criminally responsible even if the conduct is only a concurrent cause of the result might have proved more confusing to the jury than helpful). Appellant's second issue presented is without merit and should be overruled.

### 3. Not introducing mitigating evidence or cross-examining any of the State's witness' during the punishment phase of trial.

Appellant claims trial counsel was ineffective for failing to present any mitigating evidence and for not cross-examining any of the State's three witnesses at the punishment stage of trial. Appellant, however, does not state what mitigating evidence should have been presented, or if any mitigating evidence even existed. *See Bone*, 77 S.W.2d at 835 (ineffective assistance claim fails where nothing in record suggests mitigating evidence existed).

Similarly, appellant has not suggested what would be gained by cross-examining the three witnesses briefly called by the State at the punishment phase of trial. These witnesses were Mobley's two daughters and his former wife (RR. V-9, 12, 16). Their testimony consisted primarily of the impact of Mobley's death on the family (RR. V-11, 12, 18). There is no evidence that cross-examining these witnesses would have been beneficial. To the contrary, common sense would lead one to believe that it is better to let these witnesses have their say and get them off the stand as quickly as possible. *Ex Parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005) (holding it can be valid trial strategy not to cross-examine sympathetic witness).

Finally, while discerning defense counsel's trial strategy would be speculation without some evidence on the matter, it appears that his approach, as evidenced by defense counsel's closing argument at the punishment phase of trial, was to accept responsibility, express remorse, and ask for mercy (RR. VI-6). This tactic proved quite successful, as appellant was facing a prison term of up to 99 years or life and received a sentence of only 19 years (CR. 1664, 1670). Appellant's third issue presented is without merit and should be overruled.

## REPLY TO  APPELLANT'S FOURTH ISSUE PRESENTED

Appellant argues in his fourth issue presented that the trial court erred in giving an improper charge on self-defense.

The jury was instructed on the issue of self-defense, both in the relevant general definitions and in its application to the facts of this case (CR.-1656-1659). At the jury charge conference, however, counsel requested supplementary language on the burden of proof for self-defense. As summarized by the trial court, "[counsel] has requested an addition to the charge regarding the proof surrounding the law on self-defense. He has requested that the Court add that the defendant is not required to prove self-defense, rather the State must prove beyond a reasonable doubt that self-defense does not apply to the defendant's conduct...." (RR. VI-4). The trial court judge denied this request, stating the belief that the burden of proof was already adequately explained to the jury in the charge as it

11

existed, and to give any additional instructions would only confuse the jury (RR. VI-4-5).

When reviewing charge errors, there must first be a determination whether there was error in the charge. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Hernandez v. State*, 309 S.W.3d 661, 663 (Tex. App. –Houston [14th Dist.] 2010, pet. ref'd). If error existed, there can then be a determination of whether harm occurred. *See Barrios* 283 S.W.3d at 350; *Hernandez v. State*, 309 S.W.3d at 663.

Since appellant claims error in the jury charge regarding the burden of proof on the issue of self-defense, a discussion of this burden is relevant. The defendant bears the initial burden to produce evidence supporting a justification defense such as self-defense. *Zuliani v. State,* 97 S.W.3d 589, 594–95 (Tex. Crim. App. 2003). Once the defendant produces some evidence, the State then bears the burden of persuasion to disprove the raised defense. *Id.* The burden of persuasion does not require the State to produce evidence; it requires only that it prove its case beyond a reasonable doubt. *Id.*; *Hernandez v. State,* 309 S.W.3d at 66. Thus, to convict a defendant of murder after he has raised the issue of self-defense, the State is required to prove the elements of the offense beyond a reasonable doubt and to persuade the jury beyond a reasonable doubt that the defendant did not kill in self-

defense. *Zuliani,* 97 S.W.3d at 594; *McClesky v. State,* 224 S.W.3d 405, 409 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd).

Appellant has not met his initial burden of establishing that there was any error in the charge as given to the jury. The jury charge correctly explained the law of self-defense, and then instructed the jury to find appellant guilty only if the jury found beyond a reasonable doubt that appellant committed all the elements of murder and found beyond a reasonable doubt that appellant did not kill Mobley in self-defense (CR. 1658-59). The jury was also instructed that "if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict, not guilty." (CR. 1658). This is precisely what is required by the law on self-defense. *See* TEX. PENAL CODE ANN. § 9.32(a) (West 2010). *Zuliani v. State,* 97 S.W.3d at 594–95.

Appellant contends that the jury charge omits the initial burden of persuasion requirement on himself, ignores the State's requirement to disprove beyond a reasonable doubt that appellant acted in self-defense, and can be read to involve burden shifting to the defendant to prove beyond a reasonable doubt he acted in self-defense. (appellant's brief, p. 22). Appellant, however, did not request an instruction of his initial burden of persuasion, and it is difficult to see how such an instruction could be to his benefit or its omission to his detriment. Nor does

13

appellant explain or cite caselaw on how this charge weakened the State's burden of proof or shifted that burden to the defendant.

Even assuming, arguendo, that appellant was entitled to the requested charge, appellant has failed to establish any actual harm. *Vasquez v. State*, 389 S.W.3d 361 (Tex. Crim. App. 2012); *Almanza v. State*, 686 S.W. 2d 157 (Tex. Crim. App. 1984). The charge requested by appellant would have been repetitious at best, as the State's burden of proof was already correctly applied to the facts of this case. Appellant has not made any argument that an additional instruction would have changed the argument he was able to make or the outcome of this case. For all the above reasons, appellant's fourth issue presented is without merit and should be overruled.

## REPLY TO APPELLANT'S FIFTH ISSUE PRESENTED

Appellant argues in his final issue presented that the trial court erred in admitting into evidence photos of the complaining witness to rebut the defense's claim of self-defense.

The photographs at issue are State's Exhibits No. 33, 34, 35, and 36. These photos, along with State's Exhibits No. 31 and 32, show appellant with members of his family. When the State moved to offer State's Exhibits 31 through 37 into evidence during the testimony of the victim's father, Harold Mobley, defense

counsel objected on the ground of relevancy (RR. III-99).[1] The State responded that the photos were relevant to show that Mobley (the victim, not the father) was not a violent person and that his character was inconsistent with how appellant portrayed Mobley as behaving on the day of the murder (RR.. III-101). The trial court agreed that Mobley's character had been placed in issue and that the photographs, in combination with the witness' testimony, could be relevant to establish Mobley's reputation for being peaceful, law-abiding and nonaggressive (RR. III-103). The Court sustained appellant's objections to State's Exhibits 31 and 32, given that they appeared to be more remote in time, but allowed the State to introduce State's Exhibits No. 33 through 36, which appeared to be taken more recently (RR. III-103-104). The State did so, and then went on to discuss with the victim's father his son's character. Specifically, Mr. Mobley testified that his son was a loving, non-violent, and very gregarious person, and that others enjoyed being around him (RR. III-107).

The admissibility of photographs is within the sound discretion of the trial court judge. *Paredes v. State,* 129 S.W.3d 530, 539 (Tex. Crim. App. 2004); *See also McCarty v. State,* 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A photograph is generally admissible if verbal testimony about the matters depicted in the photograph is also

---

[1] Defense counsel did not object to the introduction of State's Exhibit No. 37 at trial, and appellant has not made introduction of this photo an issue on appeal.

admissible. *Paredes*, 129 S.W.3d at 539; *Williams v. State,* 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). A trial court abuses its discretion in admitting photographs only if its decision is outside the zone of reasonable disagreement. *McCarty,* 257 S.W.3d at 239. Unless there is clear abuse of the trial court's discretion, its ruling will not be reversed. *Id.*

Appellant argues that the pictures of appellant with his family was "ostensibly victim impact testimony." However, appellant's sole objection to introduction of the pictures at trial was to their relevance. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. The threshold for relevance is low. *Ex parte Moreno,* 245 S.W.3d 419, 425 n. 20 (Tex. Crim. App. 2008) (citing *Tennard v. Dretke,* 542 U.S. 274, 285 (2004)).

In offering her explanation for introducing the photographs, the prosecutor correctly pointed out that appellant, by claiming that Mobley was the aggressor in this case, put the issue of Mobley's character into play. The pictures of Mobley with his family, showing him interacting in a loving and peaceful way, were thus relevant to rebut appellant's characterization of Mobley as the aggressor in this case. They also conformed to Mobley's father's testimony about appellant's character (RR. III-107).

Even if admission of these photographs had been error, appellant has not shown that admission of these photographs affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Mosley v. State,* 983 S.W.2d at 249, 259 (Tex. Crim. App. 1996); *Solomon v. State,* 49 S.W.3d 356, 364 (Tex. Crim. App. 2001) (holding that trial court error regarding admission of evidence is generally nonconstitutional error). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if there is "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon,* 49 S.W.3d at 365; *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim. App.1998).

The photographs of appellant and his family were but a small part of the State's case, were not emphasized in closing arguments, and similar evidence was introduced through the victim's father. Accordingly, introduction of these photos cannot be said to have had a substantial and injurious effect or influence in determining the jury's verdict. *Kirk v. State*, 421 S.W.3d 772, 783 (Tex. App. – Fort Worth, 2014, pet. ref'd) (holding photos of macabre items in appellant's home, even if error, did not have a substantial and injurious influence in determining the jury's verdict). Appellant's fifth and final issue presented is without merit and should be overruled.

# CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ *Kimberly Aperauch Stelter*
KIMBERLY APERAUCH STELTER
Assistant District Attorney
Harris County, Texas
TBC No. 19141400
stelter_kimberly@dao.hctx.net

# CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 4,320 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Thomas A. Martin
Attorney at Law
1018 Preston, Suite 500
Houston, Texas 77002
TMartin@Justice.com

/s/ *Kimberly Aperauch Stelter*
KIMBERLY APERAUCH STELTER
Assistant District Attorney
Harris County, Texas
TBC No. 19141400
February 11, 2015          stelter_kimberly@dao.hctx.net