Bernabe HUERTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00346–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1996.

Arden A. Specia, San Antonio, for Appellant.

Anton Hackebeil, District Attorney, Uvalde, Jim Vollers, Austin, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

CHAPA, Chief Justice.

This is an appeal from a conviction of assault. Appellant was indicted for aggravated assault upon a police officer under Tex. Penal Code Ann. § 22.02(b)(2)(Vernon 1994). Following a plea of not guilty in a trial on the merits, a jury found appellant guilty of the lesser included offense of assault as defined by Tex.Penal Code Ann. § 22.02(a)(1) (Vernon 1994). Appellant was sentenced to one year in the Medina County jail and a fine of $4,000. In four points of error, appellant contends that 1) the trial court erred in denying his motion for directed verdict; 2) the evidence adduced at trial is factually insufficient to support the verdict; 3) the trial court erred in allowing an instruction on voluntary intoxication; and 4) appellant's sentence was greater than that allowed by law. We affirm.

## FACTS

On August 7, 1995, Officer Joseph Hall of the Natalia Police Department went to Prieta's Bar to investigate a theft case. During his investigation, an altercation broke out between the bar owner, Concepcion Gutierrez, and a patron, Norah Henderson. Officer Hall was in the process of arresting both Gutierrez and Henderson when appellant struck Officer Hall from behind. Hall testified to feeling a blow on his, "lower left back,

behind the kidney." Hall then attempted to arrest appellant and a struggle ensued. As appellant resisted arrest, he hit and kicked Hall in the groin area. Other officers arrived at the scene and assisted Officer Hall in subduing and arresting appellant. Officer Hall testified that as a result of the injuries he incurred in the struggle with appellant, he urinated blood and was unable to return to work for several days.

## ARGUMENTS ON APPEAL

### A. Directed Verdict

■ In his first point of error, appellant alleges that the trial court erred in denying his motion for a directed verdict because the evidence is legally insufficient to support a guilty verdict. Specifically, appellant alleges that there was no evidence to support a finding of "serious bodily injury," a necessary element of aggravated assault.

■ In reviewing the denial of a directed verdict, we will uphold the trial court's decision if, "we find that the State introduced some evidence to support each element of the offense." *Billey v. State*, 895 S.W.2d 417, 419–20 (Tex.App.—Amarillo 1995, pet. ref'd). The Texas Penal Code defines the element of "serious bodily injury" as:

bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Tex.Penal Code Ann. § 1.07(a)(46)(Vernon 1994).

In this case, Officer Hall testified that he urinated blood and visited an emergency room after appellant's arrest. Without objection, Hall testified that the emergency room doctor stated that there was a hemorrhage in either Hall's groin area or his kidney. Hall further testified that he could not work for four days due to the injuries sustained while arresting appellant.

We find that the testimony of Officer Hall was sufficient to raise the factual issue regarding whether Officer Hall sustained, "protracted loss or impairment of the function of

any bodily member or organ." As such, the trial court did not err in denying appellant's motion for directed verdict. Appellant's first point of error is overruled.

## B. Sufficiency of the Evidence

In his second point of error, appellant alleges that the evidence adduced at trial is factually insufficient to support his conviction. Appellant, without supporting case law or citations to the record, requests this court to make an independent factual sufficiency analysis pursuant to *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996).

■ The Texas Rules of Appellate Procedure require that argument and authority be offered in support of each point of error in order for the issue to be properly before the court. *Thomas v. State*, No. 04–95–00376–CR, 1996 WL 269186 (Tex.App.—San Antonio May 22, 1996, no pet. h.); Tex.R.App.P. 74. In addition, appellant must direct the court to the specific portion of the record supporting the complained of error. *Lape v. State*, 893 S.W.2d 949, 953 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

■ In the present case, appellant offers no argument, authority, or references to the record in support his contention of factual insufficiency. As such, we find that appellant has waived this issue on appeal by failing to adequately brief his point of error. *Maldonado v. State*, 902 S.W.2d 708, 711 (Tex.App.—El Paso 1995, no pet.).

■ However, if we were to consider appellant's contention, the sufficiency challenge fails. The standard for reviewing a factual sufficiency challenge requires this court to view all the evidence and set aside the verdict only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Clewis*, 922 S.W.2d at 132.

Officer Hall testified regarding the facts surrounding the assault and his resulting injuries. Norah Henderson corroborated Officer Hall's testimony. Further, appellant's own witnesses testified to seeing the altercation between Officer Hall and appellant. We find that the evidence is factually sufficient to support appellant's conviction. Appellant's second point of error is overruled.

## C. Instruction on Voluntary Intoxication

■ In his third point of error, appellant alleges that the trial court erred in including an instruction on voluntary intoxication in the jury charge. Specifically, appellant argues that there was only "scant evidence" that appellant was under the influence of alcohol when the incident in question occurred. This complaint is inconsistent with appellant's trial objection.

■ At trial, appellant objected to the instruction because intoxication had not been raised as a defense. There was no objection made in reference to the sufficiency of the evidence regarding intoxication. When trial objections do not comport with the complaints on appeal, nothing is preserved for review. *Ybarra v. State*, 890 S.W.2d 98, 114 (Tex.App.—San Antonio 1994, pet. ref'd). As such, appellant may not raise a claim of insufficient evidence of intoxication for the first time on appeal.

■ In the event that appellant had properly preserved the question, there was sufficient evidence of intoxication to warrant the complained of instruction. Witnesses for both the State and the defense testified that appellant had either been drinking or was intoxicated. Where there is evidence of intoxication, it is appropriate for the trial court to instruct the jury that voluntary intoxication is not a defense to the commission of a crime. *Taylor v. State*, 885 S.W.2d 154, 158 (Tex.Crim.App.1994). Further, intoxication need not be raised as a defense in order to justify the court's instruction. *Id.*

Therefore, the trial court was within its discretion in including an instruction on voluntary intoxication in the jury charge. Appellant's third point of error is overruled.

## D. Severity of Punishment

In his fourth point of error, appellant alleges that the trial court erred in assessing punishment in excess of that allowed by law. Appellant was found guilty of assault, a class A misdemeanor. Tex.Penal Code Ann. § 22.01(b) (Vernon 1994). The punishment

imposed by the trial court conformed with the punishment range for a class A misdemeanor provided by the Texas Penal Code. TEX.PENAL CODE ANN. § 12.21 (Vernon 1994) (establishing punishment for class A misdemeanor as fine not to exceed $4,000; confinement in jail for term not to exceed one year; or both). Accordingly, appellant's punishment is within the boundaries established by the penal code. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.