**Affirm and Memorandum Opinion filed January 24, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

**NO. 14-10-01198-CR**

_____

**MICHAEL WAYNE PATTERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1271276**

## MEMORANDUM OPINION

Appellant, Michael Wayne Patterson, appeals his conviction of felony driving while intoxicated ("DWI").  _See_ Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West 2011). Raising one issue, appellant contends his trial counsel's performance was so deficient as to render ineffective assistance of counsel.   We affirm.

# BACKGROUND

On July 19, 2010, Lisa Lacour, an emergency medical technician, was driving directly behind a truck going southbound on Highway 288. Lacour testified that she saw only one individual, the driver, in the truck. Lacour noticed that the truck was fishtailing—swaying back and forth from side to side. Upon exiting the freeway, Lacour watched as the truck flipped over three to four times. Upon seeing the vehicle flip, Lacour pulled over to assist the driver. Lacour went to the truck to see if the driver was injured. She testified that she did not see any other person in the truck, nor anyone else exit the truck. She stated that she asked the driver if he needed help, to which the driver responded: "Please, help me …. Oh my God. What have I done? Please, don't call the police." Lacour identified appellant as the driver of the truck.

Gary Walker, a paramedic firefighter, stated that he arrived at the scene of the accident about five minutes after the call came into dispatch. When he arrived at the scene, he approached the truck and asked appellant if there was anyone else in the truck with him. Walker testified that appellant stated that there was no one else in the vehicle. Walker stated that appellant was wearing a seatbelt and seated in the driver's seat.

While at the hospital receiving treatment for his injuries, appellant's blood was drawn. Amanda Culbertson of the Houston Police Department crime laboratory tested this blood. The result of the test showed that appellant's alcohol concentration was 0.319 grams of alcohol per 100 milliliters of blood; the legal limit is 0.08.

Appellant was charged with DWI. The state alleged in the indictment that this was appellant's third DWI offense. The indictment charged appellant with having been convicted on two prior occasions of DWI. No stipulations were made to the prior convictions and appellant pleaded not guilty.

In the guilt/innocence phase of the trial, the State sought to admit two exhibits to prove that appellant had been previously convicted of DWI on March 10, 1998—as charged in the indictment.[1]   State's exhibit three was a "jail card."   State's exhibit five was a "judgment and sentence."   These exhibits reflected the same cause number—a previous proceeding in which appellant had been charged with "DWI third."   Appellant made no objections and the documents were admitted.

The jury found appellant guilty of felony DWI.   At the jury's recommendation, the trial court placed appellant on community supervision for a period of five years.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In one issue, appellant contends his trial counsel rendered ineffective assistance for failing to object to the admission of State's exhibits three and five.   Appellant also submits a generalized list of errors committed during trial.[2]

---

[1]  The indictment read, in part:

It is further presented that before the commission of the offense alleged above, on March 10, 1998, the [appellant] was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 758171, in the 337TH DISTRICT COURT, HARRIS County, Texas.

It is further presented that before the commission of the offense alleged above, on March 12, 1990, the [appellant] was convicted of the offense of DRIVING WHILE INTOXICATED in Cause No. 9009532, in the COUNTY CRIMINAL COURT AT LAW NO. 9, HARRIS County, Texas.

[2]  Appellant's complaints include counsel's failure: to conduct a meaningful voir dire examination of the venire panel; to request redaction of exhibits three and five; to object to the introduction of a partial police report into evidence; to review a paramedic's report prior to trial; to make any objection throughout the entire trial; to object to improper questions about appellant invoking his right to remain silent; and to object to the State's implication during closing argument that appellant had more than just two prior DWI convictions.

## A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in state criminal proceedings. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *see also Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). To establish ineffective assistance of counsel, appellant must show that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) but for counsel's deficiency, there is a reasonable probability that the result of the trial would have been different. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686–89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the range of reasonable professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. We review the effectiveness of counsel in light of the totality of the representation and particular circumstances of each case. *Lopez*, 343 S.W.3d at 143; *Robertson*, 187 S.W.3d at 483; *Thompson*, 9 S.W.3d at 813. When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show trial counsel's performance was deficient. *Thompson*, 9 S.W.3d at 814 ("An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation,

4

especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct."); *Jagaroo v. State*, 180 S.W.3d 793, 797 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *see also Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Trial counsel may have had a specific strategy for his conduct, and a reviewing court may not speculate on trial counsel's motives in the face of a silent record. *Thompson*, 9 S.W.3d at 814. In our review of counsel's conduct, we should be hesitant to designate any error as per se ineffective assistance. *Id.* at 813. However, it is possible that a "single egregious error of omission or commission by . . . counsel constitutes ineffective assistance." *Id.*; *see also Lopez,* 343 S.W.3d at 143 ("While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own.").

## B. Admission of Exhibits Three and Five

Appellant argues that "when a judgment was admitted for jurisdictional purposes showing Appellant had previously been convicted of 'DWI' in state district court, the jury would have naturally concluded Appellant had been charged at least three times with DWI in the past." Appellant further argues that admission of such evidence was prejudicial because it left the jury with the impression that appellant had more than just the two prior convictions necessary to prove the offense of felony DWI. Appellant argues that trial counsel's repeated failure to object to the admission of extraneous offenses or bad acts constitutes ineffective assistance even without the benefit of a record developed at a motion for new trial hearing or evidence gathered in a habeas corpus proceeding. *See Cude v. State*, 588 S.W.2d 895, 897–98 (Tex. Crim. App. 1979) (holding, without the benefit of a record discussing counsel's reasoning or strategy, that counsel rendered ineffective assistance due to the numerous failures to object to evidence regarding defendant's prior bad acts and previous offenses that were not admissible for any purpose);

5

*Doles v. State*, 786 S.W.2d 741, 746 (Tex. App.—Tyler 1989, no pet.). However, to argue successfully that trial counsel's failure to object amounted to ineffective assistance, appellant must show the trial judge would have committed error in overruling such an objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Jagaroo*, 180 S.W.3d at 797 ("Before this court may conclude counsel was ineffective for failure to make an objection, appellant must show the trial court would have erred in overruling the objection."). Appellant fails to make this showing.

Here, appellant complains that trial counsel should have objected to the admission of State's exhibits three and five. While it is true those exhibits demonstrate appellant's prior "bad acts," in this case they were admissible. Where a defendant does not stipulate to the prior DWI convictions, the two previous convictions must be proved in the State's case-in-chief to obtain a conviction of felony DWI. *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001). Because this evidence was admissible, appellant cannot demonstrate that the trial court would have committed error in admitting such evidence over objection. *See Vaughn*, 931 S.W.2d at 566; *Jagaroo*, 180 S.W.3d at 797. On the record before us, we find no support for the contention that trial counsel's failure to object to the admission of State's exhibits three and five was ineffective assistance of counsel. *See Thompson*, 9 S.W.3d at 814; *Jagaroo*, 180 S.W.3d at 797.

Additionally, the record reveals that appellant's complaints about the prejudicial effects of introducing the exhibits are not meritorious. Despite the fact that the exhibits reflected appellant had previously been charged with felony DWI, exhibit five reflected that charge was ultimately reduced to a class "A" misdemeanor. The trial court instructed the jury during voir dire that "the fact that a person may have been convicted in the past of similar offenses does not mean that they are guilty of this particular offense that they are charged with at this particular time." In addition, when appellant took the stand in his own defense, he admitted that he had been convicted previously of DWI on the two dates

6

alleged by the State. Finally, the jury found, according to its verdict, "that [appellant] has never before been convicted of a felony in this state or any other state and recommend community supervision of the [five years] sentence."

## C. Presumption of Reasonable Professional Assistance of Counsel

With regard to appellant's remaining arguments, he contends that when taken together and viewed in the light of the totality of representation, trial counsel's failures amount to ineffective assistance of counsel. However, because of the lack of a proper evidentiary record, appellant has not overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813.

First, appellant complains that trial counsel's performance was deficient because she failed to conduct a "meaningful" voir dire examination of the venire panel. Before beginning her examination, counsel stated the following: "There is a good thing and a bad thing about being last. First of all, I know that everybody is tired, okay; but pretty much the judge has covered most of the things that we need to know about you …." The record of voir dire examination reflects that the trial court examined the panel for seventy-six pages; the State examined the panel for twenty-five pages and trial counsel examined the panel for twelve pages. In the absence of any evidence gathered in a habeas corpus proceeding or motion for new trial hearing, it would be difficult to say based on this record that trial counsel did not employ sound trial strategy. *See id.*; *see also Goodspeed v. State*, 187 S.W.3d 390, 392–94 (Tex. Crim. App. 2005) (holding that the failure to ask any questions during voir dire and using peremptory challenges on prospective jurors that had already been excused did not constitute *per se* ineffective assistance of counsel and further inquiry into the reasons for counsel's conduct was necessary).

Second, appellant argues that trial counsel should have requested redaction of exhibits three and five because of their "prejudicial effect." Appellant fails to provide

precedent in support of his contention that counsel's failure to request the redaction of an exhibit results in ineffective assistance of counsel. *See* Tex. R. App. P. 38.1(h) ("[B]rief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). While counsel could have requested redaction of the exhibits, there is no rule requiring the trial court to grant counsel's request. As a result, we cannot conclude that counsel's failure to request a redaction of the exhibits resulted in ineffective assistance of counsel. *See Vaughn*, 931 S.W.2d at 566 (holding that to show ineffective assistance for counsel's failure to object, appellant must show trial court would have erred in overruling such an objection); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (en banc) (holding that where appellant argues trial counsel should have filed a motion to suppress but failed to do so, appellant would still have to show that the motion would have been granted in order to satisfy *Strickland*). Additionally, since trial counsel was not questioned regarding her reasoning or strategy, we refuse to speculate on her motives in the face of a silent record. *See Thompson*, 9 S.W.3d at 814.

Third, appellant contends that counsel's failure to object to the admission of a partial police report into evidence amounted to ineffective assistance. Even if this report were hearsay evidence not covered by any hearsay exception, appellant has still failed to meet his burden in demonstrating that this error resulted in ineffective assistance of counsel. *See Lopez*, 343 S.W.3d at 143–44 (holding that failure to object to inadmissible hearsay did not amount to ineffective assistance of counsel where there was no record for the reasons behind trial counsel's actions). Without the benefit of an explanation for the reasons behind trial counsel's actions, we cannot hold that her failure to object resulted in the ineffective assistance of counsel. *See id.*

Next, appellant argues that trial counsel's failures to review the paramedic's report prior to trial, and make any objection throughout the entire trial rendered her counsel ineffective. However, appellant's arguments are merely conclusory accusations that trial

counsel's "failures" are ineffective assistance. Appellant does not provide any precedent indicating that these "failures" separately, or taken together, are considered per se ineffective assistance of counsel. *See* Tex. R. App. P. 38.1(h). We are hesitant to designate any error as per se ineffective assistance. *See Thompson*, 9 S.W.3d at 814. In addition, there is nothing within the appellate record to elaborate on trial counsel's strategy. Without elaboration, we cannot conclude that counsel's conduct was unreasonable. *See id.*

Finally, appellant makes two complaints that are neither supported by the record nor by his brief.[3] In the first instance, appellant argues that trial counsel was deficient for failing to object to a line of improper questions about appellant invoking his right to remain silent. Appellant cites a single page in the record and to *Wyborny v. State*, 209 S.W.3d 285, 291–92 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd), as support. *Wyborny* discusses post-arrest, pre-*Miranda* silence, and the improper cross-examination by the State of a defendant regarding that silence. *See id.* After reviewing the entire record of the State's cross-examination of appellant, we can find no portion in which the State improperly questioned appellant regarding post-arrest, pre-*Miranda* silence. As such, this would not have been a proper, or relevant, objection to make during the State's cross-examination. *See Vaughn*, 931 S.W.2d at 566. In the second instance, appellant complains about trial counsel's failure to object during the State's closing argument when "the prosecutor implied Appellant had more than two prior convictions." Appellant directs the Court to a single page in the record for support. We have reviewed this page, as well as the remainder of the State's closing argument, and can find no improper jury argument regarding prior convictions from which trial counsel could have successfully objected. *See id.*

---

[3] Appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h). Appellant must direct the court to the specific portion of the record supporting the alleged error. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Huerta v. State,* 933 S.W.2d 648, 650 (Tex.App.—San Antonio 1996, no pet.)).

On the record before us, appellant has failed to overcome the strong presumption of reasonable counsel. *See Bone*, 77 S.W.3d at 834–37; *Thompson*, 9 S.W.3d at 813 ("Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation."). In the present case, the record is silent regarding trial counsel's decision making process and strategy. An appellate court is not required to indulge in speculation concerning trial counsel's decision making process or to imagine why counsel failed to act in a particular manner. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We decline to engage in any such speculation.

We overrule appellant's sole point of error.

## CONCLUSION

Having overruled appellant's sole point of error, we affirm the judgment of the trial court.

/s/      Justice Martha Hill Jamison

Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

10