

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00424-CR

Estaban **PINON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-1263-CR-B
Honorable Jessica Crawford, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

Appellant Estaban Pinon ("Pinon") appeals from his convictions for murder and harassment of a public servant. We affirm the trial court's judgment.

## Background

On April 18, 2016, Pinon and his girlfriend Monica went to visit Monica's friend Ana and her boyfriend Jeremy at Ana's house. Over the course of the evening, Pinon and Monica had multiple arguments. After several hours, Monica asked Ana to call 911 because Pinon would not leave the house. After Ana called 911, Pinon agreed to leave and asked Monica to walk him to his

car. Moments after Pinon and Monica left the house to walk to Pinon's car, Ana and Jeremy heard Monica screaming and ran outside, where they saw Pinon "on top of [Monica]." Pinon fled on foot.

Police arrived at the scene and observed that Monica was seriously injured and bleeding. Police officers asked Monica "[w]ho did this to you," and Monica repeatedly said it was Pinon. Monica later died after sustaining between thirty and fifty stab wounds from a knife and possibly a pair of scissors. The medical examiner discovered a knife blade lodged in Monica's back. The jury viewed the medical examiner's autopsy report, as well as several autopsy photographs depicting Monica's wounds.

Police found Pinon hiding in a nearby dumpster and covered in Monica's blood, with a cut between his thumb and forefinger. Before he was apprehended, Pinon sent text messages to an ex-girlfriend enclosing a photo of his bloody clothing and stating: "You that's Monica blood I stabbed her bitch ass . . ." [*sic*]. Pinon also sent text messages to "Miriam" stating: "I stabbed Monica multiple times" and "I'm on the run."

Texas State Trooper Ryan Olson participated in the search for and arrest of Pinon. As he was being arrested, Pinon told Trooper Olson he stabbed Monica because Jeremy agreed to pay him $500. Trooper Olson accompanied Pinon to jail, where he observed Pinon mouthing "stabbed, stabbed" to another inmate. Pinon was "smiling and laughing," and using his hands to make stabbing motions while keeping eye contact with the other inmate.

Guadalupe County Sheriff's Detective Wayne Lehman is the homicide investigator who was assigned to investigate Monica's death. Detective Lehman was dispatched to Ana's house after Monica had been taken to the hospital. At the scene, Detective Lehman observed blood spatter six to seven feet away from where Monica was found, which indicates "there was a lot of force used" in the stabbing. After Pinon was apprehended, Detective Lehman conducted three separate

interviews of Pinon, who changed his story repeatedly. Detective Lehman also testified regarding

the relative brutality of the attack:

> Q. [by the State's counsel] Based on your 27 years of experience as a homicide—or as a detective or peace officer, how would you rank this crime, this offense, this murder, in degree of severity and brutality?

> [Pinon's trial counsel]: Object to the relevance, Judge.

> [the State's counsel]: I think he has the right to testify and he has the requisite skill, knowledge, education, experience and training to give his opinion and rank this murder, and it goes to intentionality too. The—the—the brutal nature of this goes to whether or not the defendant was acting in self-defense, whether it was intentional, all of those elements.

> THE COURT: Overruled. You can answer, Mr. Lehman.

> A. [by Detective Lehman] With all I have seen and everything I've done in my career, this is without a doubt the most brutal murder I have seen. I've worked five since.

> [Pinon's trial counsel]: Objection, nonresponsive.

> THE COURT: Just—you can answer—ask a follow-up question, [State's counsel], but I'm going to stop the answering at this point.

> Q. [by the State's counsel] Go ahead. You—you believe this was the most brutal case you've ever seen in which—in what way?

> A. [by Detective Lehman] Just the sheer amount of stab wounds that she had received, the explanation, the root cause and putting the blame on everyone else.

Pinon was the only witness to testify in his defense. During his direct examination, Pinon

admitted he "snapped" before he stabbed Monica.

After hearing from over twenty witnesses over the course of three days, the jury found

Pinon guilty of murder and one count of harassment of a public servant.

## Discussion

In a single issue on appeal, Pinon argues the trial court erred in permitting Detective

Lehman to "rank this crime, this offense, this murder, in degree of severity and brutality" because

the testimony constituted an opinion as to guilt. Alternatively, Pinon argues his trial counsel was ineffective for failing to properly object to the State's question.

**A.      Standard of review**

We review the admission of evidence for abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will affirm the trial court's decision if it was within the zone of reasonable disagreement. *Id.*

**B.      Preservation**

The State argues Pinon failed to preserve his issue for review because his trial objection to Detective Lehman's testimony does not comport with his issue on appeal. Where the complaint raised on appeal does not comport with the trial objection, nothing is preserved for review. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Huerta v. State*, 933 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, no pet.). For instance, our sister courts have held trial objections to testimony based on relevance and speculation do not comport with the complaint on appeal that a lay witness opined as to the defendant's guilt. *See, e.g., Bryant v. State*, No. 09-15-00282-CR, 2016 WL 3356568, at *2 (Tex. App.—Beaumont June 15, 2016, no pet.) (mem. op.); *Ward v. State*, No. 01-08-00513-CR, 2009 WL 5174228, at *3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, pet. ref'd) (mem. op.).

Here, Pinon objected at trial to relevance and responsiveness only; he did not raise any objection that Detective Lehman was asked to opine regarding Pinon's guilt. Therefore, because the trial objection does not comport with the issue raised on appeal, the issue is not preserved.

**C.      Ineffective assistance of counsel**

In the alternative, Pinon argues his trial counsel was ineffective for failing to make the proper trial objection to Detective Lehman's testimony. To prevail on a claim of ineffective assistance of counsel, Pinon must establish by a preponderance of the evidence that: (1) trial

counsel's performance fell below an objective standard of reasonableness; and (2) Pinon was prejudiced by trial counsel's defective performance. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To satisfy the second prong of this test, Pinon must show there is a reasonable probability that but for trial counsel's error, the result of the trial would have been different. *Id.*

Here, assuming without deciding that trial counsel's performance fell below an objective standard of reasonableness, Pinon cannot demonstrate prejudice. All of the evidence demonstrated Pinon stabbed Monica, and Pinon admitted he "snapped" before doing so. The evidence also demonstrated the murder was particularly brutal. The medical examiner testified Monica was stabbed between thirty and fifty times, and Detective Lehman testified the blood splatter indicated "a lot of force" was used in the stabbing. The medical examiner discovered a knife blade still lodged in Monica's back, and autopsy photographs showed Monica's multiple wounds. Pinon does not challenge the legal sufficiency of the evidence.

Given that the evidence overwhelmingly supports the jury's verdict, Pinon has not demonstrated a reasonable probability that the outcome of the trial would have been different if his trial counsel had properly objected to Detective Lehman's testimony "ranking" the brutality of the murder. Therefore, we conclude Pinon has not established his trial counsel was ineffective.

Pinon's sole issue on appeal is overruled.

## Conclusion

Because we overrule Pinon's sole issue on appeal, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH