

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00484-CR

David Asa **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR0549
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2019

AFFIRMED

A jury convicted appellant David Asa Villarreal ("Villarreal") of murder with a repeat offender enhancement and sentenced him to confinement for sixty years. In two issues on appeal, Villarreal argues the trial court erred by admitting hearsay testimony and by limiting his ability to confer with counsel during an overnight recess in violation of his Sixth Amendment right to counsel. We affirm the trial court's judgment.

**Admission of Evidence**

In his first issue, Villarreal argues the trial court erred by admitting, over his hearsay objection, testimony regarding the contents of a text message sent on the night of the murder by the victim to Veronica Hernandez, a mutual friend of Villarreal and the victim. During Hernandez's direct examination, the following exchange occurred:

Q. [by the prosecutor] So when [Villarreal and the victim] got back, what happened after that?

A. [by Hernandez] [The victim] sent me a text and he said—

[DEFENSE COUNSEL]: Objection, hearsay, Your Honor. And lack of foundation, especially when it comes to cell phones and spoofing and phone numbers and who actually sent from what phone. I don't think the proper foundation has been laid for her to know exactly who sent what message.

THE COURT: It's overruled. Go ahead.

Q. [by the prosecutor] Being that you hung out with [the victim] a lot, were you familiar with his phone number?

A. [by Hernandez] Yes, ma'am.

Q. Did you have it programmed in your telephone[?]

A. Yes, ma'am.

Q. Did you text [the victim] a lot?

A. I did.

. . .

Q. Okay. And it was common for you guys to have conversations over text messages?

A. Yes, ma'am.

Q. Okay. So that night, did you end up spending the night?

A. No, ma'am.

Q. Why not?

A. He told me—[the victim] told me that [Villarreal] wanted to work things out, and he was trying to make peace with [Villarreal]. That was—

Q. Were they having problems in their relationship?

A. I guess so.

[DEFENSE COUNSEL]: Objection then to the speculation.

THE COURT: Overruled. Go ahead.

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by timely objection. TEX. R. APP. P. 33.1(a)(1). Where the complaint raised on appeal does not comport with the trial objection, nothing is preserved for our review. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Huerta v. State*, 933 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, no pet.). "In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). "An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Id.*

Here, although the trial court overruled Villarreal's initial hearsay objection, Hernandez did not immediately testify regarding the contents of the victim's text message. Rather, after answering several additional questions regarding her familiarity with the victim's telephone number and the frequency of her communications with the victim, Hernandez eventually relayed the contents of the victim's text message in response to a different question. Villarreal objected to Hernandez's response to the latter question on the basis of speculation but not hearsay. Accordingly, because Villarreal failed to obtain a ruling on a running objection or to re-urge his objection to the testimony on the basis of hearsay, his hearsay complaint is not preserved. Villarreal's first issue is overruled.

**Sixth Amendment**

In his second issue, Villarreal argues the trial court erred by limiting his ability to confer with his counsel during an overnight recess in violation of his Sixth Amendment right to counsel. Specifically, Villarreal complains of the following exchange between the trial court and Villarreal's counsel, which took place during Villarreal's direct examination and prior to an overnight recess:

THE COURT: . . . Mr. Villarreal, we're in an unusual situation. You are right in the middle of testimony. Normally your lawyer couldn't come up and confer with you about your testimony in the middle of having the jury hear your testimony. And so I'd like to tell you that you can't confer with your attorney but the same time you have a Fifth Amendment [*sic*] right to talk to your attorney.

So I'm really going to put the burden on [trial counsel] to tell you the truth. . . . I'm going to ask that both of you [trial counsel] pretend that Mr. Villarreal is on the stand. You couldn't confer with him during that time.

Now, Mr. Villarreal, if—puts us in an odd situation. But I believe if you need to talk to your attorneys, I'm not telling you, you can't talk to them. But I'm going to rely on both [trial counsel] to use your best judgment in talking to the defendant because you can't—you couldn't confer with him while he was on the stand about his testimony. So I'm going to leave it to both of your good judgment of how you manage that, if for some reason he believes he needs to confer.

[TRIAL COUNSEL 1]: All right. So just so I am clear and don't violate any court orders, that—because he is still on direct and still testifying, that it is your ruling that we cannot confer with our client?

THE COURT: Let me help you with that. For instance, suppose we go into a sentencing hearing and you need to start talking to him about possible sentencing issues, you can do that. Does that make sense? I don't want you discussing what you couldn't discuss with him if he was on the stand in front of the Jury.

[TRIAL COUNSEL 1]: Okay.

THE COURT: His testimony. I'm not sure whatever else you'd like to talk with him about while he's on the stand. But ask yourselves before you talk to him about something, is this something that—manage his testimony in front of the jury? Does that make sense to you?

[TRIAL COUNSEL 1]: Sure, it does.

[TRIAL COUNSEL 2]: We aren't going to talk to him about the facts that he testified about.

THE COURT: All right. Fair enough. But at the same time—I'm going to put the burden on the lawyers, not on him, because he has a constitutional right to confer with you. . . .

[TRIAL COUNSEL 1]: Okay. All right. I understand the Court's judgment and just—just for in the future, I'm just going to make an objection under the Sixth Amendment that the Court's order infringes on our right to confer with our client without his defense.

THE COURT: Objection noted.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In reviewing a complaint that the trial court deprived a defendant of counsel during a portion of the trial, we apply an abuse of discretion standard. *Burks v. State*, 227 S.W.3d 138, 144 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Perry v. Leeke*, 488 U.S. 272, 282 (1989); *Geders v. United States*, 425 U.S. 80, 86–91 (1976)).

Although the trial court has "broad power to sequester witnesses before, during, and after their testimony," the Supreme Court has held this discretion is significantly limited by the Sixth Amendment when applied to a testifying defendant. *Geders*, 425 U.S. at 87–88. In *Geders*, the Supreme Court held the trial court abused its discretion by prohibiting the defendant from consulting his counsel "about anything" during an overnight recess between the defendant's direct and cross-examinations. *Id.* at 88, 91.

However, not every restriction on a defendant's ability to communicate with his counsel violates his Sixth Amendment right to counsel. In *Perry*, the Supreme Court held it was not an abuse of discretion to prohibit a defendant from conferring with his counsel during a fifteen-minute recess between the defendant's direct and cross-examinations. 488 U.S. at 284–85. The Court reasoned that because a defendant "has no constitutional right to consult with his lawyer while he

is testifying," the trial judge must have the power to "maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony." *Id.* at 281, 283–84. Noting the "thin" line between the facts at issue in *Perry* and those at issue in *Geders*, the *Perry* Court distinguished the fifteen-minute recess from the overnight recess in *Geders*, explaining:

> The interruption in *Geders* was of a different character because the normal consultation between attorney and client that occurs during an overnight recess would encompass matters that go beyond the content of the defendant's own testimony—matters that the defendant does have a constitutional right to discuss with his lawyer, such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain. . . . The fact that such discussions will inevitably include some consideration of the defendant's ongoing testimony does not compromise that basic right.

*Id.* at 284.

The Supreme Court, therefore, has recognized the trial court may prevent a testifying defendant from discussing his ongoing testimony with his counsel but may not prohibit the defendant and his counsel from discussing matters "that go beyond the content of the defendant's own testimony," such as trial strategy. *See id.* In this case, the trial court tried to thread the needle by advising Villarreal that he could talk to his attorneys during the overnight recess but instructing Villarreal's attorneys not to discuss "what you couldn't discuss with [Villarreal] if he was on the stand in front of the jury. . . . His testimony." The trial court asked counsel if his instructions "make sense to you," and Villarreal's two attorneys responded, respectively: "Sure, it does" and "We aren't going to talk to him about the facts that he testified about." Although one of Villarreal's attorneys lodged a Sixth Amendment objection "just for in the future," he reiterated: "I understand the Court's judgment."

In the years since the *Perry* decision, the Supreme Court has not squarely addressed the precise question here—*i.e.*, whether the trial court abuses its discretion by permitting the defendant

to consult his counsel during an overnight recess about any topic except his ongoing testimony. While the issue appears to be one of first impression in Texas, courts in other states and the federal circuit courts of appeals have addressed it and reached opposing conclusions.

Several state supreme courts have held that while the trial court may not prohibit all communications between a testifying defendant and his attorney during an overnight recess, it may prohibit communications specifically about the defendant's ongoing testimony. *E.g., Beckham v. Commonwealth*, 248 S.W.3d 547, 553–54 (Ky. 2008); *State v. Conway*, 842 N.E.2d 996, 1021 (Ohio 2006); *Webb v. State*, 663 A.2d 452, 459–60 (Del. 1995) (holding trial court properly instructed testifying defendant "not to discuss [his] testimony with anyone" but erred by failing to make it "unmistakably clear" that the defendant and his counsel could discuss "other matters"). In contrast, several federal circuit courts of appeals have held any restriction on communication with counsel during an overnight recess is impermissible. *E.g., United States v. Triumph Capital Grp., Inc.*, 487 F.3d 124, 132–33 (2d Cir. 2007); *United States v. Sandoval-Mendoza*, 472 F.3d 645, 651 (9th Cir. 2006); *United States v. Santos*, 201 F.3d 953, 965 (7th Cir. 2000); *United States v. Cobb*, 905 F.2d 784, 792 (4th Cir. 1990).

In the absence of any guidance from the court of criminal appeals or any of our sister courts in Texas, and based on the Supreme Court's decisions in *Geders* and *Perry*, we hold the trial court had discretion to limit Villarreal's right to confer with his attorneys during an overnight recess to topics other than his ongoing testimony. Both *Geders* and *Perry* acknowledge that "when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying." *Perry*, 488 U.S. at 281; *see also Geders*, 425 U.S. at 88. Although *Geders* instructs that the trial court had no discretion to prohibit Villarreal and his attorneys from discussing "anything," it did not do so. Rather, the trial court expressly recognized Villarreal's constitutional right to confer with his counsel and put the onus on counsel to ensure any discussions avoided the

topic of Villarreal's testimony. Villarreal's attorneys repeatedly confirmed they understood the trial court's order. Accordingly, in this matter of first impression in Texas, we conclude the trial court did not abuse its discretion in limiting Villarreal's right to confer with his counsel during an overnight recess to matters other than his ongoing trial testimony. Villarreal's second issue is overruled.

## Conclusion

Having overruled both of Villarreal's issues, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

PUBLISH