

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00127-CR

Frank Henry **WESCH**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 17-378-CR
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:　　Liza A. Rodriguez, Justice

Sitting:　　　Rebeca C. Martinez, Chief Justice
　　　　　　　Beth Watkins, Justice
　　　　　　　Liza A. Rodriguez, Justice

Delivered and Filed: June 9, 2021

AFFIRMED

Frank Henry Wesch, Jr. appeals his conviction for Driving While Intoxicated (DWI), first offense, a Class B misdemeanor. We affirm the trial court's judgment.

### BACKGROUND

Wesch was charged by information with operating a motor vehicle in a public place while intoxicated "by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of these substances, or any other substance into the body."

TEX. PENAL CODE ANN. § 49.04; *id.* § 49.01(2)(A) (definition of intoxication). He pled not guilty and proceeded to a jury trial.

At trial, Boerne Police Department Officer Pedro Moncada testified he conducted a traffic stop after observing Wesch's vehicle cross over the roadway's double yellow line. When he made contact with Wesch, Officer Moncada noticed the smell of alcohol on Wesch's breath and observed that Wesch's eyes were "glossy." Wesch admitted drinking two glasses of wine prior to the stop. Officer Moncada suspected that Wesch was intoxicated and administered the standard field sobriety tests. Based on his performance on the field sobriety tests, Officer Moncada arrested Wesch for DWI.

Officer Moncada testified he observed that Wesch's pupils were constricted and "pinpoint" in appearance, which, based on his experience, led him to suspect that Wesch had ingested a "narcotic analgesic" like "heroin or painkillers" in addition to alcohol. During a post-arrest search of Wesch's vehicle, Officer Moncada found a dirty Q-tip on the front passenger seat along with a piece of cotton swab and some "green flakes"[1] inside the center console. Officer Moncada testified the items were indicative of drug use. In explanation, Officer Moncada stated he suspected the green flakes were marijuana residue or "shake." With respect to the Q-tip and cotton swab, Officer Moncada testified that, while they are not inherently suspicious items, the surrounding circumstances made them suspicious because "people that are on - - on heroin use filters from the - - from the Q-tips as a filter to - - when they inject the heroin." Photographs of the Q-tip and the contents of the console, i.e., the piece of cotton and the green flakes, were admitted into evidence. Officer Moncada further testified that a K-9 dog "hit" on the center console area of Wesch's

---

[1] Also referred to in the record as "green specks."

vehicle. In addition to Officer Moncada's testimony, the video footage from his dash-cam and body-cam were admitted.

The jury found Wesch guilty of DWI as charged in the information and the trial court sentenced him to 180 days in jail, but suspended the sentence and placed him on two years' community supervision with a condition of three days in jail and imposed a $700 fine. Wesch appealed.

## ANALYSIS

In a single issue, Wesch argues the trial court erred in admitting the evidence of "suspected drug paraphernalia and/or drug use" found in Wesch's vehicle because the evidence was "speculative and irrelevant," and thus inadmissible under Rules 401 and 402. *See* TEX. R. EVID. 401 (defining relevant evidence), 402 (inadmissibility of irrelevant evidence). Wesch argues in the alternative that, even if the challenged evidence was relevant, the trial court erred in admitting it because its probative value was substantially outweighed by the danger of unfair prejudice under Rule 403. *See* TEX. R. EVID. 403 (permitting trial court to exclude relevant evidence if its probative value is substantially outweighed by one of several factors, including unfair prejudice). Finally, Wesch asserts the evidence was inadmissible under Rule 404(b). *See* TEX. R. EVID. 404(b) (evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show they acted in conformity with their character). The State responds that Wesch did not object on any of these bases in the trial court, and therefore failed to preserve his issue for appellate review.

Preservation of appellate complaints is governed by Rule 33 of the Texas Rules of Appellate Procedure. Under Rule 33.1(a), a complaint must be raised in the trial court by request, objection, or motion in a timely and specific manner, and the trial court must rule on the request,

objection, or motion, whether expressly or implicitly.[2]  TEX. R. EVID. 33.1(a)(1), (2); *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004).  With respect to the specificity required to preserve a complaint in the trial court, the rule requires in part that the request, objection, or motion have "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."  TEX. R. EVID. 33.1(a)(1)(A).  One of the main purposes for requiring a timely, specific objection is to inform the trial judge of the basis of the objection and provide an opportunity for the judge to consider and rule on the objection.  *Garza*, 126 S.W.3d at 82.

Here, the record shows that, not only did Wesch not object under Rules 401, 402, 403 or 404(b), he did not raise *any* objection to Officer Moncada's testimony that: he found the dirty Q-tip on the passenger seat and the cotton swab and green flakes inside the center console of Wesch's vehicle; the items are indicative of drug usage; based on his experience, he believed the green flakes were marijuana residue; and based on his experience, people use Q-tip filters to inject heroin.  Because no complaint was raised in the trial court challenging the admissibility of this evidence, Wesch failed to preserve the issue for appellate review.  TEX. R. EVID. 33.1(a); *Garza*, 126 S.W.3d at 81–82.

With respect to admission of the photograph of the Q-tip lying on the passenger seat (State Exhibit No. 5), Wesch made no objection to the photo (the first page of the exhibit) and it was admitted.  Wesch did object to the second page of State Exhibit No. 5, and the trial court sustained the objection and excluded that page.  With respect to State Exhibit No. 6, the photograph of the piece of cotton and the green flakes inside the vehicle console, Wesch objected that Officer

---

[2] If the trial court refuses to rule on the request, objection, or motion, the party must object to the refusal.  TEX. R. EVID. 33.1(a)(2)(B).

Moncada had failed to lay the proper predicate, but the objection was overruled and the photo was admitted. Where the complaint raised on appeal does not comport with the trial objection, nothing is preserved for our review. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Huerta v. State*, 933 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, no pet.). Wesch's "improper predicate" objection to admission of State Exhibit No. 6 does not comport with his appellate arguments under Rules 401, 402, 403 and 404(b); therefore, Wesch failed to preserve his issue for appellate review. TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 339.

Finally, even if Wesch had raised the proper objections during Officer Moncada's testimony on direct examination, defense counsel cross-examined Officer Moncada at length about the dirty Q-tip, the piece of cotton, and green specks and their relationship to drug use. Therefore, any error in the admission of the evidence was cured by Wesch's questioning Officer Moncada about the same evidence. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.").

## CONCLUSION

Based on the foregoing reasons, we affirm the trial court's judgment.

Liza A. Rodriguez, Justice

DO NOT PUBLISH